**Mike SULLIVAN, Plaintiff,**

v.

**Gary BAILIFF and Sweetwater County Wyoming, Defendants.**

**No. 94–CV–0170–B.**

United States District Court,
D. Wyoming.

Nov. 17, 1994.

Bernard Q. Phelan, Cheyenne, WY, for plaintiff.

William M. McKellar, Cheyenne, WY, for defendant Bailiff in his individual capacity.

Stephenson D. Emery, Casper, WY, for defendant Bailiff in his official capacity and Atty. for Sweetwater County, Wyo.

### ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

BRIMMER, District Judge.

The above-entitled matter having come before the Court upon Defendants' Motions to Dismiss, and the Court having reviewed the materials on file herein, having heard the oral arguments of the parties, and being fully advised in the premises, FINDS and ORDERS as follows:

### BACKGROUND

Plaintiff Mike Sullivan filed his complaint on June 28, 1994. He alleges that the defendants constructively terminated his employment as a deputy sheriff for Sweetwater County, Wyoming. The facts before the Court are as follows:

Prior to the election of defendant Gary Bailiff as sheriff of Sweetwater County, the incumbent sheriff was Roger Simms. Sullivan worked as a deputy sheriff for Simms and supported his campaign for re-election against Bailiff. Shortly after Bailiff's election, he allegedly terminated Sullivan's employment without cause because of Sullivan's political support of Simms. After firing Sullivan, Bailiff allegedly received notice that such action was wrongful and reinstated Sullivan. Sullivan then alleges that Bailiff, personally and through his agents, made the work atmosphere so intolerable as to force Sullivan to resign. Plaintiff resigned his position on July 10, 1991.

Sullivan contends that such forced resignation constitutes a constructive termination, and that Bailiff's actions were taken in violation of Sullivan's First, Fifth and Fourteenth Amendment rights which include the right to be free from patronage dismissal and the right to freedom of political belief and affiliation. The Plaintiff seeks redress for these alleged deprivations under 42 U.S.C. § 1983.

Bailiff and Sweetwater County have both filed motions to dismiss on grounds that the claim, filed almost three years after the cause of action arose, is barred by the two-year limitation period established by Wyo. Stat. § 1-3-115 (1977). The defendants contend that § 1-3-115 applies to Sullivan's § 1983 claim since such claim is based upon a liability created by a federal statute.

Sullivan responds that under *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the appropriate limitation period is four years as established by Wyoming's statute of limitations for personal injury claims. Wyo.Stat. § 1-3-105(a)(iv)(C) (1977). For the reasons outlined below, the Court finds that the limitation period applicable to Sullivan's § 1983 claim is four years, and thus denies the Defendants' Motions to Dismiss.

### DISCUSSION

█ The issue which confronts the Court today is straightforward: What is the statute of limitations for a § 1983 action brought in the District of Wyoming? Section 1983 provides no guidance since it does not provide a statute of limitations. However, both the Tenth Circuit Court of Appeals and United States Supreme Court have definitively ruled on the issue at bar. In *Wilson v. Garcia,* 471

U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court thoroughly discussed the history of § 1983, noting that it provides a "uniquely federal remedy for incursions under the claimed authority of state law upon rights secured by the Constitution and law of the Nation." *Id.* at 271–72, 105 S.Ct. at 1944. Having characterized § 1983 as a uniquely federal remedy, the Supreme Court then discussed the need for uniformity within and among the states regarding the applicable statute of limitations:

> [T]he legislative purpose to create an effective remedy for the enforcement of federal civil rights is obstructed by uncertainty in the applicable statute of limitations ... Although the need for national uniformity has not been held to warrant the displacement of state statutes of limitations for civil rights actions, uniformity within each State is entirely consistent with the borrowing principle contained in § 1988. We conclude that the statute is fairly construed as a directive to select, in each State, the one most appropriate statute of limitations for all § 1983 claims. The federal interests in uniformity, certainty, and the minimization of unnecessary litigation all support the conclusion that Congress favored this simple approach.

*Id.* at 275, 105 S.Ct. at 1946. (Citations and footnote omitted).

Recognizing the need to establish uniform statutes of limitations for § 1983 claims, the Supreme Court then looked at state causes of action in an effort to find, by analogy, that cause of action which was most similar to § 1983. The Court's purpose in going through this exercise was to borrow the statute of limitations associated with the analogous state cause of action and effectively transpose it onto all § 1983 actions brought within that state. In making this determination, the Court agreed with the Tenth Circuit's conclusion that an action for damages for personal injuries was most analogous to a § 1983 claim:

> Among the potential analogies, Congress unquestionably would have considered the remedies established in the Civil Rights Act to be more analogous to tort claims for

personal injury than, for example, to claims for damages to property or breach of contract. The unifying theme of the Civil Rights Act of 1871 is reflected in the language of the Fourteenth Amendment that unequivocally recognizes the equal status of every *"person"* subject to the jurisdiction of any of the several States. The Constitution's command is that all *"persons"* shall be accorded the full privileges of citizenship; no *person* shall be deprived of life, liberty, or property without due process of law or be denied the equal protection of the laws. A violation of that command is an injury to the individual rights of the person.

*Id.* at 277, 105 S.Ct. at 1947. (Emphasis in original) (footnote omitted).

■ The wisdom of this choice is readily apparent when considered in the context of the foundational purpose of the Civil Rights Act: providing a federally generated civil remedy for violations of constitutional or federal statutory rights in states where such protection was otherwise uncertain. By tying the statute of limitations for § 1983 actions inexorably to a state's statute of limitations for personal injury actions, the Court encouraged neutrality by creating a system where a state legislature could not fix a statute of limitations discriminatorily against federal civil rights claims without at the same time and by equal measure also limiting intra-state actions for personal injury. The Supreme Court observed:

> The characterization of all § 1983 actions as involving claims for personal injuries minimizes the risk that the choice of state statute of limitations would not fairly serve the federal interests vindicated by § 1983. General personal injury actions, sounding in tort, constitute a major part of the total volume of civil litigation in the state courts today, and probably did so in 1871 when § 1983 was enacted. It is most unlikely that the period of limitations applicable to such claims ever was, or ever would be, fixed in a way that would discriminate against federal claims, or be inconsistent with federal law in any respect.

*Id.* at 279, 105 S.Ct. at 1949. (Footnote omitted).

Furthermore, and as mentioned above, the Tenth Circuit has squarely addressed the issue before this Court today. Indeed, the Supreme Court made its ruling in *Wilson* while affirming the Tenth Circuit's decision in *Garcia v. Wilson*, 731 F.2d 640 (1984). In *Garcia*, the Tenth Circuit flatly stated: "[W]e conclude that every section 1983 claim is in essence an action for injury to personal rights.[1] Henceforth, all section 1983 claims in this circuit will be uniformly so characterized for statute of limitations purposes." *Id.* at 651. The Court strains to imagine a more lucid statement of law or more compelling precedent than that contained in the Tenth Circuit's statement.

The Court notes the defendants' argument that the determination of this issue should be based on Wyo.Stat. § 1–3–115, which reads: "All actions upon a liability created by a federal statute, other than a forfeiture or penalty, for which no period of limitations is provided in such statute, shall be commenced within two (2) years after the cause of action has accrued." Casual examination of this statute seems to support its application to the instant case. However, agreement with the defendants' position would defeat the reasoning of both the Supreme Court in *Wilson* and the Tenth Circuit in *Garcia*. It strains common sense to allow individual states to limit the viability of § 1983 actions through specific statutes of limitation, the application of which are based solely on § 1983's status as a federal statute. By adopting such a position, this Court would invite the very discrimination against constitutional and federal claims that the drafters of the Civil Rights Act of 1871 sought to avoid. When taken to its logical extreme, the defendants' argument would allow individual states to hobble § 1983 by making it subject to specialized statutes of limitation of unreasonably short duration.

This Court's position is further supported by the Tenth Circuit's recent opinion in *Arnold v. Duchesne County*, 26 F.3d 982 (10th Cir.1994). While the facts of Arnold are distinguishable from those of the instant case,[2] the reasoning of the court is instructive.

In 1987, two years after the Supreme Court's ruling in *Wilson*, the Utah legislature enacted a statute which specifically provided a two-year period in which to bring an action for an injury under § 1983.[3] The applicable personal injury statute had a four-year statute of limitations. *Id.* at 983, Utah Code Ann. § 78–12–25(3). The Tenth Circuit faced the important question whether a statute targeted specifically at § 1983 "provides an appropriate limiting principle and is consistent with the 'purpose and nature' of section 1983". *Arnold*, 26 F.3d 982 at 986. The Tenth Circuit held:

> an important ground for the Supreme Court's conclusion that section 1983 actions are properly characterized as personal injury actions was its confidence that such a characterization would assure that neutral rules of decision would be available to enforce them ... By enacting a specific statute of limitations for section 1983 actions alone, the Utah legislature has both usurped the role of federal law in characterizing the essence of such actions and has eliminated the assurance that neutral rules of decision will apply to section 1983 in Utah.

> \* \* \* \* \* \*

> In sum, [the Utah Statute] attempts to do that which it cannot—to unilaterally declare that the statute of limitations for section 1983 actions in Utah shall be two years. While Congress permits federal courts to borrow state limitations periods, neither Congress nor the Supreme Court has authorized states to create limitations

1. This language is remarkably similar to that contained in Wyo.Stat. 1–3–104(a)(iv)(C), which requires a plaintiff to bring a cause of action within four years for "an injury to the rights of the plaintiff not arising under contract ...".

2. Where the statute in *Arnold* was drafted after, and possibly in response to, the Supreme Court's

decision in *Wilson*, Wyo.Stat. § 1–3–115 (1977) was drafted long before the Court heard *Wilson*. Furthermore, unlike the Utah statute, Wyo.Stat. § 1–3–115 makes no specific mention of § 1983.

3. Utah Code Ann. § 78–12–28(3) (1987).

periods specifically and exclusively applicable to section 1983 actions.

*Id.* at 987, 989 (citations omitted).

### CONCLUSION

The Court must not ignore the clear and binding precedent before it. The statute of limitations for § 1983 actions brought in the District of Wyoming is controlled by Wyoming's statute of limitations for personal injury actions. Wyo.Stat. § 1–3–105(a)(iv)(C). That period is four years. Accordingly, Sullivan's claim against the defendants remains viable and the Defendants' Motions to Dismiss are **DENIED.**

**THEREFORE,** it is

**ORDERED** that the Defendants' Motions to Dismiss be, and the same hereby are, **DENIED.**