**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DERRICK R. PARKHURST,

Plaintiff-Appellant,

v.

PITTSBURGH PAINTS INC; JUDY
UPHOFF, Director, Wyoming
Department of Corrections; MALVIN
COLE; SCOTT ABBOTT, Warden,
Wyoming Department of Corrections
State; JOHN COYLE; BRUCE A.
DANIELS; ROBERT E. ORTEGA,
Director, Wyoming Department of
Corrections in their official capacities;
JAMES DAVIS; M. R.
ENGELSJGERD; JAMES
FERGUSON; WILLIAM HETTGAR;
ROBERT LAMPERT; JOHN PEERY;
MICHAEL ROSS; GARY
STARBUCK; VANCE EVERETT; and
John Does 1-20,

Defendants-Appellees.

No. 06-8047
(D.C. No. 05-CV-135-CAB)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

Plaintiff-appellant Derrick R. Parkhurst, a prisoner at the Wyoming State Penitentiary Complex (Penitentiary), appeals from the district court's grant of summary judgment on (1) his diversity product-liability claim against defendant-appellee Pittsburgh Paints, Inc., and (2) his federal law claims against the remaining defendants-appellees under 42 U.S.C. § 1983 and 18 U.S.C. § 1964(c). The district court granted summary judgment to all defendants. The court held that the product-liability claim against Pittsburgh Paints and the § 1983 claims against the remaining defendants-appellees (State Defendants) were barred by the applicable Wyoming statutes of limitation. The court further held that the RICO claim against the State Defendants failed because (1) the only remedy provided for a RICO violation was for injury to business or property and Mr. Parkhurst had only claimed personal injury, and (2) the RICO claim was time-barred. On appeal, Mr. Parkhurst claims that the district court erred in (1) granting summary judgment on the ground that his product liability and § 1983 claims were barred by the applicable statutes of limitation, and (2) denying his motion to have counsel appointed.

## DISCUSSION

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms*, 165 F.3d at 1326.

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). As recognized by the district court, however, it had the power to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). This decision is left to the sound discretion of the district court and "will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

Following review of the parties' materials and the record on appeal, and keeping the above standards of review foremost in mind, we affirm the district court's grant of summary judgment to defendants-appellees for substantially the reasons stated in the thorough and well-reasoned order filed by the district court judge on May 17, 2006. Similarly, we affirm the district court's denials of Mr. Parkhurst's numerous motions seeking appointment of counsel for substantially the reasons set forth in those denials.

The judgment of the district court is therefore AFFIRMED. Mr. Parkhurst's motion to proceed on appeal without prepayment of costs and fees is GRANTED, and he is reminded that he remains obligated to make partial payments until the entire fee has been paid.

Entered for the Court

John C. Porfilio
Circuit Judge