**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 12, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DERRICK R. PARKHURST,

        Plaintiff-Appellant,

v.

ROBERT LAMPERT, in his official
capacity; ROBERT LAMPERT;
ROBERT ORTEGA; PATRICK
ANDERSON; JUDITH UPHOFF;
SCOTT ABBOTT; VANCE
EVERETT, all in their individual
capacities,

        Defendants-Appellees.

No. 07-8030
(D.C. No. 06-CV-60-CAB)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Derrick R. Parkhurst, a state prisoner proceeding pro se, appeals the district court's order dismissing his complaint under 42 U.S.C. § 1983 as time barred. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The parties are familiar with the facts. Mr. Parkhurst, an inmate at the Wyoming State Penitentiary, claims that beginning no later than July, 2001, the prison was overcrowded, and as such, the defendants violated his civil rights. His federal court lawsuit was filed on March 9, 2006. The district court dismissed the complaint as time barred under Wyoming's statute of limitations.

"Whether a court properly applied a statute of limitations and the date a statute of limitations accrues under undisputed facts are questions of law we review *de novo*." *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005). "State statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims[.]" *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999). However, "federal law governs the time of accrual of § 1983 claims[.]" *Id.* Wyoming's state of limitations for personal injury claims is four years, WYO. STAT. ANN. § 1-3-105(a)(iv)(C) (1977), and the cause of action accrued when Mr. Parkhurst knew or should have known that his constitutional rights had allegedly been violated. *Beck*, 195 F.3d at 557.

According to the allegations in Mr. Parkhurst's complaint, the overcrowding (alleged violation) existed no later than July, 2001. However, he

did not file suit until more than four years after July, 2001, and his suit therefore is time barred. We also reject Mr. Parkhurst's argument that Wyoming's saving statute applies for the simple reason, among others, that his "action [was not] commenced in due time[.]" WYO. STAT. ANN. § 1-3-118 (1977). Similarly, he cannot avoid the four-year statute of limitations under the theory of continuing tort. Assuming the continuing violation doctrine applies to § 1983 claims, the doctrine is triggered "by continual unlawful acts, not by continual ill effects from the original violation." *Bergman v. United States*, 751 F.2d 314, 317 (10th Cir. 1984) (quotation omitted). Because Mr. Parkhurst alleged the same ill effect from the day the alleged overcrowding first existed, the doctrine does not apply.

We have carefully examined the parties' briefs, the record, and the district court's order in light of the governing law. We conclude that the court correctly dismissed the complaint, and we affirm for substantially the same reasons as those in the court's order dated March 8, 2007. The judgment is AFFIRMED. We GRANT Mr. Parkhurst's motion to proceed without prepayment of the entire filing fee and remind him of his continuing obligation to make partial payments until the fee has been paid in its entirety.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge
