**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 13, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROGER PALMER, on behalf of
himself and all others similarly
situated,

      Plaintiff - Appellant,

      v.

RITA BUGE; KATHY LA MOINES;
CRAIG LA MOINES; BARBARA
OLDANI; VINCENT ROSS, AKA
Skipper Ross; TONY ROSS;
CHEYENNE POLICE
DEPARTMENT; LARAMIE
COUNTY DISTRICT ATTORNEY'S
OFFICE,

      Defendants - Appellees.

No. 10-8037

(D. Wyoming)

(D.C. No. 2:09-CV-00201-ABJ)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Roger Palmer appeals pro se from a district-court order granting the motions to dismiss of the defendants, and from later orders denying his motions for reconsideration. We affirm the district court. The Laramie County District Attorney's office is protected from suit by sovereign immunity and Mr. Palmer's claims are time-barred.

## I.    BACKGROUND

Mr. Palmer filed his complaint on August 25, 2009, in the United States District Court for the District of Wyoming. On February 12, 2010, he filed an amended complaint. The complaint is so discursive that it is virtually impossible to determine what he believes to be his causes of action, but his primary issue appears to be a search and seizure on May 23, 2005, and he appears to be suing under 42 U.S.C. § 1983. On March 19, 2010, the district court dismissed the case with prejudice. One ground for the dismissal was that the complaint was barred by the applicable statute of limitations. Mr. Palmer later filed several motions seeking reconsideration, which the district court denied in orders on April 13 and 20, 2010. Mr. Palmer appealed on April 28, and we have jurisdiction under 28 U.S.C. § 1291.

## II.    DISCUSSION

The statutory limitations period in Wyoming for claims under § 1983 is four years. *See Sullivan v. Bailiff*, 867 F. Supp. 992 (D. Wyo. 1994); *Parkhurst v. Lampert*, 264 F. App'x 748, 749 (10th Cir. 2008). The events Mr. Palmer

complains of allegedly occurred on May 23, 2005. This was more than four years before he filed his original complaint on August 25, 2009, so his claims are barred. Although Mr. Palmer argues in his reply brief that his claims are not barred because there is "[n]o statute of limitations for any criminal prosecution," Aplt. Reply Br. at 13, Mr. Palmer filed a civil law suit, and criminal statutes of limitations are not relevant to his claims. Some events alleged in the complaint occurred after the 2005 search; but we can discern no causes of action against any of the defendants that could be based on those alleged events, particularly since most of the allegations concern the district attorney's office, which is protected against suit by sovereign immunity, *see Board of Trustees v. Garrett*, 531 U.S. 356, 363 (2001); Wyo. Stat. Ann. §§ 9-1-801 to -811.

## III.  CONCLUSION

We AFFIRM the district court's dismissal of Mr. Palmer's case and its orders denying reconsideration. We DENY his motion for leave to proceed *in forma pauperis*.

                              ENTERED FOR THE COURT


                              Harris L Hartz
                              Circuit Judge