FILED
United States Court of Appeals
Tenth Circuit

October 19, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DERRICK R. PARKHURST,

     Plaintiff - Appellant,

v.

PITTSBURGH PAINTS INC.; SCOTT
ABBOTT, Warden, Wyoming
Department of Corrections; MALVIN
COLE; JOHN COYLE; BRUCE A.
DANIELS; JAMES DAVIS; M. R.
ENGELSJGERD; JAMES
FERGUSON; WILLIAM HETTGAR;
ROBERT LAMPERT; ROBERT E.
ORTEGA, Director, Wyoming
Department of Corrections in his
official capacity; JOHN PEERY;
MICHAEL ROSS; GARY
STARBUCK; JUDITH UPHOFF,
Director, Wyoming Department of
Corrections; JOHN DOES 1-20,

     Defendants - Appellees.

No. 10-8026
(D.C. No. 2:05-CV-00135-CAB)
(D. Wyo.)

---

DERRICK R. PARKHURST,

      Plaintiff - Appellant,

v.

ROBERT LAMPERT, individually and
in his official capacity as Wyoming
Department of Corrections Director;
ROBERT ORTEGA; PATRICK M.
ANDERSON; JUDITH UPHOFF;
SCOTT ABBOTT; VANCE
EVERETT,

      Defendants - Appellees.

No. 10-8027
(D.C. No. 2:06-CV-00060-CAB)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

In early 2005, Derrick Parkhurst sued Pittsburgh Paints and various prison

employees alleging personal injury from exposure to paint fumes in the

penitentiary where he then resided. He later filed a separate lawsuit alleging

assorted harms resulting from prison overcrowding. The District Court for the

District of Wyoming dismissed both suits as time barred, and we affirmed.

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Parkhurst v. Pittsburgh Paints, Inc.*, 213 F. App'x 747, 748-49 (10th Cir. 2007) (unpublished); *Parkhurst v. Lampert*, 264 F. App'x 748, 749 (10th Cir. 2008) (unpublished).

Several years later, Mr. Parkhurst attempted to bring both cases back to life, filing motions for relief from judgment under Fed. R. Civ. P. 60 and motions to disqualify several district court judges under 28 U.S.C. § 144 and 28 U.S.C. § 455. The district court denied all of these motions, and Mr. Parkhurst now appeals. Because he makes essentially identical arguments in both cases, we address Mr. Parkhurst's appeals in this consolidated order and judgment. Affording Mr. Parkhurst the generous construction of his pleadings and other papers to which *pro se* litigants are entitled, *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we dismiss his appeals as frivolous.

* * *

Because his Rule 60(b)(3) motion would otherwise be time barred, Mr. Parkhurst alleges a "fraud on the court" meriting deadline-free relief from judgment under Rule 60(d)(3). This, however, is a high bar. "Fraud on the court . . . is fraud . . . directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents . . . . It is [] fraud where . . . the impartial functions of the court have been directly corrupted." *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1266 (10th Cir. 1995) (citation omitted).

Mr. Parkhurst does not identify any corruption of the judicial machinery. Rather, he alleges that the court itself failed to inform him of facts that would have allowed him to overcome the statute of limitations. *See* Opening Br., Case 10-8026, at 24; Opening Br., Case 10-8027, at 26. The district court rightly concluded that these allegations, even if true, would not constitute a fraud on the court and properly dismissed Mr. Parkhurst's Rule 60 motions.

Mr. Parkhurst also argues that the district judge should have recused himself in light of Mr. Parkhurst's affidavits alleging the judge was personally biased against him. But the filing of an affidavit does not automatically disqualify a judge. *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976). Although we take the affidavit's factual allegations as true, the affidavit "must contain more than mere conclusions"; it "must show facts indicating the existence of a judge's personal bias and prejudice." *Id.*

Mr. Parkhurst's affidavits did not assert any facts suggesting that the judges who handled his various cases harbored any personal bias or prejudice. Instead, he claimed that the judges made certain mistakes of law and violated a supposed duty to inform him of facts that (in his view) were relevant to his case. Even taking these allegations as true — though of course without charging the district court with a duty to make plaintiff's case for him — we fail to discern any facts indicating judicial bias.

\* \* \*

Because appellant's arguments carry no weight, we dismiss both appeals, deny his motions to proceed *in forma pauperis*, and order him to pay the applicable filing fees. *See* 28 U.S.C. § 1915(e)(2)(B)(i). With the dismissal of these two appeals, Mr. Parkhurst has now earned at least three strikes under § 1915(g); accordingly, he may bring no more civil actions or appeals under § 1915 unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge