2012 WY 68

In the Matter of the Termination of Parental Rights To ZMETS, ZCJS, ZPMS, and ZKMS, Minor Children,

DMM, Appellant (Respondent),

v.

The State of Wyoming, Department of Family Services, Appellee (Petitioner).

No. S–11–0212.

Supreme Court of Wyoming.

May 16, 2012.

Representing Appellant: Timothy C. Cotton, Timothy C. Cotton, PC, Casper, Wyoming.

Representing Appellee: Gregory A. Phillips, Attorney General; Robin Sessions Cooley, Deputy Attorney General; Jill E. Kucera, Senior Assistant Attorney General; Susan K. Stipe, Senior Assistant Attorney General. Argument by Ms. Stipe.

Guardian Ad Litem: Roxie Hensley, Hensley Law LLC, Laramie, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1]   Appellant, DMM, challenges the district court's order terminating her parental rights pursuant to Wyo. Stat. Ann. §§ 14–2–309(a)(iii) and (a)(v).   She claims there was insufficient evidence to support the district court's decision.   We affirm.

### ISSUES

[¶ 2]   Appellant raises the following issue:

1.  Whether the Trial Court record contains clear and convincing evidence supporting termination under applicable Wyoming Statutes.

The Department of Family Services (DFS) presents the issues as follows:

1.  Can Mother, who failed to timely answer the petition to terminate parental rights, appeal the entry of a default judgment on the basis of sufficiency of the evidence?

2.  Was there sufficient evidence presented in the default hearing and in the complaint to constitute clear and convincing evidence to support the termination of Mother's parental rights?

The children's guardian ad litem phrases the issue in a substantially similar manner.

### FACTS

[¶ 3]   Appellant is the mother of ZMETS, born in 2002, ZCJS, born in 2003, and ZPMS and ZKMS, both of whom were born in 2005. On October 7, 2009, Appellant's children were taken into protective custody after the police received notice that the children were playing, unsupervised, in the parking lot of a motel where Appellant lived and worked.   A petition alleging that Appellant had neglected her children was filed on October 9, 2009, and the children were adjudicated neglected after Appellant failed to appear at a hearing on the petition.   DFS initially placed the minor children with separate foster care families, but relocated all of the children in April, 2010 to relative foster care with their paternal grandparents, where they have remained since that time.

[¶ 4] Shortly after Appellant's children were placed in protective custody, a DFS caseworker developed a family service plan and began efforts to reunify Appellant with her children. The caseworker scheduled supervised visitations with Appellant, and coordinated visitations with Appellant at a transitional housing facility. The DFS caseworker also helped Appellant obtain treatment for substance abuse and arranged for the children to receive mental health counseling at the Central Wyoming Counseling Center. Despite the caseworker's efforts, however, Appellant did not meet the requirements of the family service plan. Appellant did not attend visitations consistently, and DFS was forced to cancel some visitations due to Appellant's intoxication. Although the caseworker was initially unable to secure Appellant's attendance at outpatient substance abuse treatment programs, Appellant did eventually complete an inpatient treatment program. However, Appellant did not maintain sobriety. She also did not meet the mental health or family counseling goals identified in the family service plan, and she failed to make further progress under the plan due to a "communication breakdown" with her caseworker.

[¶ 5] In March of 2010, a multi-disciplinary team recommended that reunification efforts be discontinued. The children were relocated to the home of their paternal grandparents in Colorado, and a second family service plan was developed, which halted efforts to reunify Appellant with her children. After the children were relocated to Colorado, the caseworker continued efforts to facilitate communication between Appellant and her children, but Appellant did not meet the goals of the second family service plan, and the caseworker was unable to maintain consistent contact with Appellant.

[¶ 6] On January 26, 2011, DFS filed a petition to terminate Appellant's parental rights pursuant to Wyo. Stat. Ann. §§ 14-2-309(a)(iii) and (a)(v). The petition alleged that Appellant had abused or neglected her children, that reasonable efforts had been made to reunify Appellant with her children, and that the children's health and safety would be seriously jeopardized by returning the children to Appellant's care. The petition also alleged that the children had been in foster care under the responsibility of the State of Wyoming for fifteen of the most recent twenty-two months, and that Appellant was unfit to have custody and control of her children. Appellant did not file a timely answer to the petition. As a result, default was entered against Appellant. The district court set a default hearing for April 27, 2011. Approximately one month after default was entered, counsel for Appellant made an entry of appearance, and, on the day of the district court's hearing, Appellant filed an answer to the petition for termination of parental rights and a motion to set aside the entry of default.

[¶ 7] At the default hearing, DFS presented testimony from the caseworker who managed Appellant's family service plan. Due to the default, Appellant was not permitted to present evidence, but she was allowed to cross-examine the Department's witness, object to the entry of evidence, and present opening statements and closing arguments.[1] The district court denied Appellant's motion to set aside the default, and, noting that Appellant was aware of the importance of filing an answer, concluded there was no good cause for relief. At the conclusion of the hearing, the court found that clear and convincing evidence existed to support termination of Appellant's parental rights under Wyo. Stat. Ann. §§ 14-2-309(a)(iii) and (a)(v), and that termination was in the children's best interests. The court subsequently issued an order terminating Appellant's parental rights. Appellant timely filed this appeal.

### STANDARD OF REVIEW

[¶ 8] Appellant challenges the sufficiency of the evidence supporting termination of her parental rights. We apply traditional principles of evidentiary review when a party challenges the sufficiency of the evidence supporting termination. *R.L.A. v. State Dep't of Family Services (In re L.A.)*, 2009 WY 109, ¶ 12, 215 P.3d 266, 268 (Wyo.2009). We examine the evidence in the

---

1. All parties waived opening statements.

light most favorable to the party prevailing below, assume all favorable evidence to be true, and disregard conflicting evidence presented by the unsuccessful party. *Id.* Because the right to associate with one's family is fundamental, however, we strictly scrutinize petitions to terminate parental rights. *M.L. v. Laramie County Dep't of Family Servs. (In the Interest of L.L.)*, 2007 WY 92, ¶ 9, 159 P.3d 499, 501 (Wyo.2007). As part of our strict scrutiny standard, we require that a case for termination of parental rights must be established by clear and convincing evidence. *Id.* Clear and convincing evidence is that kind of proof that would persuade a trier of fact that the truth of the contention is highly probable. *Id.*

## DISCUSSION

[¶ 9]   DFS petitioned to terminate Appellant's parental rights pursuant to Wyo. Stat. Ann. §§ 14–2–309(a)(iii) and (a)(v) (LexisNexis 2009). Those statutory subsections provide as follows:

§ 14–2–309. **Grounds for termination of parent-child relationship; clear and convincing evidence.**

(a) The parent-child legal relationship may be terminated if any one (1) or more of the following facts is established by clear and convincing evidence:

. . .

(iii) The child has been abused or neglected by the parent and reasonable efforts by an authorized agency or mental health professional have been unsuccessful in rehabilitating the family or the family has refused rehabilitative treatment, and it is shown that the child's health and safety would be seriously jeopardized by remaining with or returning to the parent;

. . .

(v) The child has been in foster care under the responsibility of the state of Wyoming for fifteen (15) of the most recent twenty-two (22) months, and a showing that the parent is unfit to have custody and control of the child[.]

[¶ 10]   Appellant contends that DFS did not present clear and convincing evidence to support the termination of her parental rights under either Wyo. Stat. Ann. §§ 14–2–309(a)(iii) or (a)(v). In response, DFS claims that because Appellant defaulted, she is precluded from challenging the sufficiency of the evidence on appeal. DFS also contends that the evidence introduced at the hearing was sufficient to support termination of Appellant's parental rights by clear and convincing evidence.

■ [¶ 11]   Preliminarily, we must address DFS's contention that Appellant lacks standing to challenge the sufficiency of the evidence supporting the district court's decision. After default had been entered, in accordance with Wyo. Stat. Ann. § 14–2–312, the district court scheduled the matter for hearing.[2] Prior to that hearing, Appellant filed an answer and a motion to set aside the entry of default. On the day of the hearing, after receiving argument from counsel, the district court denied the motion to set aside the entry of default. That decision is not challenged by Appellant in this appeal.

[¶ 12]   Although the district court denied the motion to set aside the entry of default, the court allowed Appellant to participate at the hearing through counsel. Counsel for Appellant was invited to make an opening statement, and was permitted to cross-examine the Department's witness, object to evidence, and make closing arguments. Appellant was not permitted to testify or call witnesses on her behalf. No party objected to that procedure, and Appellant does not challenge that procedure in this appeal.

[¶ 13]   During the hearing, Appellant contended that DFS had failed to present sufficient evidence to support termination. At the conclusion of the hearing, the district court found in favor of DFS, explained its reasons for doing so, and specifically advised Appellant of her right to appeal the decision.

[¶ 14]   The procedure used by the district court is consistent with the procedure we have previously approved in civil cases where a plaintiff seeks unliquidated damages from a

2.   Wyo. Stat. Ann. § 14–2–312 provides, in relevant part, that "When a petition is filed and

presented to the judge, the judge shall set the petition for hearing."

defendant who has defaulted.[3] In those cases, we have routinely allowed the defaulting party to challenge the sufficiency of the evidence relating to damages. *See, e.g., Rosty v. Skaj,* 2012 WY 28, ¶ 32, 272 P.3d 947, 958 (Wyo.2012); *Halberstam v. Cokeley,* 872 P.2d 109, 113 (Wyo.1994); *Midway Oil Corp. v. Guess,* 714 P.2d 339, 345 (Wyo.1986). The procedural posture of the present case is indistinguishable from those cases. Appellant was permitted to participate in limited fashion and challenge the sufficiency of the evidence at the hearing. There is no reason why Appellant should not be permitted to challenge the sufficiency of the evidence in this appeal.

[¶ 15] In addition to our conclusion that barring Appellant from challenging the sufficiency of the evidence in this appeal would be inconsistent with Appellant's participation at the termination hearing, we also find that such a rule would be inadequate to protect the fundamental rights at issue. The general rule in civil cases is that a party in default may not challenge the sufficiency of the evidence to prove the allegations contained in the complaint because the allegations are deemed admitted when a default is entered. *Zweifel v. State ex rel. Brimmer,* 517 P.2d 493, 499 (Wyo.1974); *Lee v. Sage Creek Ref. Co.,* 947 P.2d 791, 794 (Wyo.1997). Proceedings to terminate parental rights, however, constitute an exceptional class of civil actions due to the fundamental nature of the right to associate with one's family and the compelling state interest in protecting the welfare of children. *In the Interest of L.L.,* ¶ 9, 159 P.3d at 501. As indicated by our standard of review, these interests require that "courts must strictly scrutinize petitions to terminate a parent's rights to his or her children." *C.L. v. Wyo. Dep't of Family Servs. (In re A.D.),* 2007 WY 23, ¶ 9, 151 P.3d 1102, 1105 (Wyo.2007). Because of the fundamental interests at stake, a court must ensure that it is as well-informed as the circumstances allow, and should make its decision based on a record that is as fully developed as possible.

[¶ 16] The enhanced procedural safeguards applicable in termination proceedings also support the conclusion that a defaulting party who has appeared at the termination hearing may appeal the sufficiency of the evidence presented in a termination proceeding. In addition to the hearing requirement set forth in Wyo. Stat. Ann. § 14-2-312, grounds for termination of parental rights must be established by clear and convincing evidence, a higher burden of proof than the preponderance of the evidence standard applicable in most civil matters. Wyo. Stat. Ann. § 14-2-309(a). The statutes governing termination proceedings also allow for the provision of court-appointed guardians to represent the children, as well as court-appointed counsel for any indigent party. Wyo. Stat. Ann. §§ 14-2-312; 14-2-318(a). If a termination action is initiated by a private party, the court must order a social study which provides "factual information pertaining to the allegations in the petition, the social history and the present situation and environment of the child and parent." Wyo. Stat. Ann. § 14-2-314. In consideration of the additional procedural safeguards applicable to termination actions, and the fundamental interests which they are designed to protect, we conclude that a party in default who has appeared at the termination hearing may challenge the sufficiency of the evidence in an appeal from an order terminating parental rights.

[¶ 17] Having determined that Appellant may challenge the sufficiency of the evidence, our next task is to determine whether the district court's order terminating Appellant's parental rights is supported by clear and convincing evidence. After receiving testimony from Appellant's caseworker and considering documentary evidence introduced at the termination hearing, the court found as follows:

10. Based upon the undisputed facts set forth in the *Petition for Termination of Parental Rights* and the evidence presented at the hearing on this matter, the Court finds by clear and convincing evidence that grounds exist to terminate the parental

---

**3.** Because the issue is not before us in this appeal, we need not consider whether this is the proper procedure in an action terminating parental rights.

rights of [DMM]. In addition to the specific findings below, the Court's findings made on the record during the hearing on April 27, 2011, are incorporated herein by this reference.

11. Pursuant to Wyo. Stat. Ann. § 14-2-309(a)(iii), it has been shown by clear and convincing evidence that [ZMETS], [ZCJS], [ZPMS], and [ZKMS] have been abused or neglected by their mother and reasonable efforts by an authorized agency or mental health professional have been unsuccessful in rehabilitating the family or the family has refused rehabilitative treatment and the children's health and safety would be seriously jeopardized by remaining with or returning to their mother.

12. Pursuant to Wyo. Stat. Ann. § 14-2-309(a)(v), it has been shown by clear and convincing evidence that [ZMETS], [ZCJS], [ZPMS], and [ZKMS] have been in foster care under the responsibility of the state of Wyoming for fifteen (15) of the most recent twenty-two (22) months and [DMM] is unfit to have custody and control of the children.

13. The Court further finds that the Guardian ad Litem supports the termination of parental rights of [DMM] to [ZMETS], [ZCJS], [ZPMS], and [ZKMS].

14. This Court having determined that clear and convincing evidence exists to terminate [DMM]'s parental rights, it becomes necessary for the Court to also consider whether the minor children's best interests would be served by terminating [DMM]'s parental rights. The Court finds that it is in the best interests of the minor children to terminate the parental rights of [DMM].

Upon examination of the evidence in the light most favorable to DFS, and assuming that evidence to be true, we find sufficient evidence to support the district court's decision.

[¶ 18] The statutory bases for termination of parental rights are separate and independent. *MDW v. Hot Springs County Dep't of Family Servs. (In re SRJ)*, 2009 WY 94, ¶ 10, 212 P.3d 611, 614 (Wyo.2009). "Proof of any one of those [bases] by clear and convincing evidence supports the termination of parental rights." *Id; see also JD and SE v. Wyoming Dept. of Family Servs.*, 2009 WY 78, ¶ 12, 208 P.3d 1323, 1327 (Wyo. 2009). We may affirm if there is sufficient evidence to support termination under any of the grounds enumerated in Wyo. Stat. Ann. § 14-2-309. In the present case, our analysis need go no further than a consideration of the evidence in the record relating to the grounds identified in Wyo. Stat. Ann. § 14-2-309(a)(v). In accordance with the language of Wyo. Stat. Ann. § 14-2-309(a)(v), we have stated that the statute requires clear and convincing proof of two elements: (1) the children have been in foster care under the State's responsibility for at least fifteen of the most recent twenty-two months; and (2) the Mother is unfit to have custody and control of them. *TMC v. Dep't of Family Serv. (In re ARC)*, 2011 WY 119, ¶ 34, 258 P.3d 704, 711-12 (Wyo.2011). We examine each of these elements in turn.

■ [¶ 19] Appellant's caseworker testified at the hearing that the children had been in foster care under the supervision of DFS since they were taken into protective custody on October 7, 2009. Appellant does not dispute this fact. Rather, Appellant contends that when the children were placed with their paternal grandparents, they were no longer "in foster care under the responsibility of the state of Wyoming," as contemplated by Wyo. Stat. Ann. § 14-2-309(a)(v). We disagree. First, despite the fact that the children's grandparents had physical custody of the children, it is undisputed that DFS was granted legal custody after the children were adjudicated neglected, and that DFS has retained legal custody throughout these proceedings. Clearly, the children have been under the responsibility of the state from the inception of this case. Second, Appellant has cited no authority for the proposition that placement with relatives does not qualify as "foster care" under the statute. Wyoming statutes do not define "foster care." However, in interpreting the language of a statute we look to the ordinary and obvious meaning of the words employed by the legislature. *Sinclair v. City of Gillette*, 2012 WY 19, ¶ 15, 270 P.3d 644, 647-48 (Wyo.2012). A common definition of the term "foster care" is "supervised care for orphaned, neglected, or delin-

quent children or for persons mentally ill in a substitute home or an institution on either a full-time or day-care basis." *Webster's Third New International Dictionary* 897 (3d ed. 2002). This common understanding of "foster care" gives no indication that the term is limited to care provided by non-relatives. The evidence was sufficient to establish that the children had been in foster care under the responsibility of the state for fifteen of the most recent twenty-two months.

[¶ 20] Appellant also claims that the evidence was insufficient to establish by clear and convincing evidence that she was unfit to have custody and control of her children. The termination statutes do not define the term "unfit." However, we have previously noted that

> [F]itness includes the ability to meet the ongoing physical, mental and emotional needs of the child. Whether a parent is fit to have custody and control of a child is a decision that must be made within the context of a particular case and depends upon the situation and attributes of the specific parent and child.

*AJJ v. State (In re KMJ)*, 2010 WY 142, ¶ 15, 242 P.3d 968, 971 (Wyo.2010). Appellant points out that the statute requires a finding of unfitness at the time of the termination proceedings. *See AJJ*, ¶ 17, 242 P.3d at 971. However, we have repeatedly stated that this does not mean that the district court must ignore evidence of a parent's previous unfitness. *Id.* (citing *In re AE*, ¶ 18, 208 P.3d at 1328). Indeed, we have held that "[e]vidence of past behavior is ... plainly relevant in determining current parental fitness." *In re L.A.*, ¶ 17, 215 P.3d at 269–70.

[¶ 21] The testimony of Appellant's caseworker provided multiple indicators of Appellant's lifestyle and behavior that support the conclusion that she is not fit to have custody and control of the children. First, the caseworker's testimony established that Appellant's children had been adjudicated neglected as the result of an incident in which they were found playing in a parking lot without parental supervision. As the result of Appellant's neglect, a family service plan was developed, which identified that Appellant needed treatment for substance abuse, and

that both Appellant and her children needed family and mental health counseling. However, the caseworker testified that Appellant never received necessary family and mental health counseling due to her lack of participation in the family service plan, and that treatment for Appellant's substance abuse had failed. Although a second family service plan, developed after the children were placed with their grandparents, attempted to facilitate communication between Appellant and her children, Appellant struggled to "stay focused on the case," and, as a result, attempts to obtain letters from Appellant to send to her children and to coordinate phone calls with the children failed. The caseworker stated that "[Appellant] did not provide me with the letters, and communication with [Appellant] was very limited at that time. And so we weren't able to get the communication to set up the phone calls with the counselor and the children and [Appellant]."

[¶ 22] The caseworker's testimony revealed that Appellant's substance abuse issues, relating to methamphetamine as well as alcohol, caused her significant concern and created a barrier to Appellant's reunification with her children. She stated that Appellant failed to make progress under the initial family service plan due to her inability to stay sober, and that "[t]he struggle throughout the case was maintaining sobriety with [the] visitations, consistency." The caseworker noted that Appellant was on probation in a criminal matter at the time of the hearing, and that she continued to fail court-ordered urinalysis tests. She further testified that Appellant "hasn't been able to maintain her sobriety," and stated that she continued to be concerned about Appellant's substance abuse as of the time of the hearing.

[¶ 23] In addition to the health and safety concerns resulting from Appellant's substance abuse, the court also heard testimony indicating that the children were acting out sexual behaviors attributed by the children to time spent with Appellant, and that the children had an "intense need for counseling" as a result of "things that they have witnessed sexually from being around their mother." The caseworker cited this behavior as a rea-

son that she did not believe reunification was appropriate. Finally, the evidence indicated that Appellant did not provide a steady residence for the children. During the course of Appellant's case, she lived alternatively in a motel, at a transitional housing facility, and at her boyfriend's house.

[¶ 24] In determining that Appellant was unfit to have custody and control of the children, the district court summarized the evidence of Appellant's unfitness as follows:

> [Appellant] had an ongoing alcohol problem, which was fairly continuous. It caused intermittent visitation. She refused efforts to improve communication. She refused efforts to comply with mental health counseling. She did not cooperate with [ ] the DFS worker in communicating with the children. All of those were ongoing up until the time that reunification was waived.

The court also noted that the evidence concerning the children's sexual behaviors indicated that "returning the children [to Appellant] would place them in jeopardy." Viewing the evidence in the light most favorable to DFS, as required under our standard of review, we find that clear and convincing evidence supports the district court's determination that Appellant is unfit to have custody and control of the children. Because sufficient evidence was presented to support termination of parental rights under Wyo. Stat. Ann. § 14–2–309(a)(v), we need not consider whether termination was also justified under Wyo. Stat. Ann. § 14–2–309(a)(iii).

[¶ 25] The district court's order terminating Appellant's parental rights is affirmed.