**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 5, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

R. MARK ARMSTRONG,

    Plaintiff - Appellant,

v.

WYOMING DEPARTMENT OF
ENVIRONMENTAL QUALITY;
CASPER, WY; WYOMING
DEPARTMENT OF ENVIRONMENTAL
QUALITY HUMAN RESOURCES
ADMINISTRATOR, a/k/a James Uzzell,
in his official capacity; JAMES UZZELL,
individually; WYOMING DEPARTMENT
OF ENVIRONMENTAL QUALITY
SCIENTIST/LANDFILL PERMITS
EMPLOYEE, a/k/a Dale Anderson, in his
official capacity; DALE ANDERSON,
individually; CASPER WY LANDFILL
MANAGER, a/k/a C. Langston, in his
official capacity; C. LANGSTON,
individually,

    Defendants - Appellees.

No. 16-8104
(D.C. No. 2:16-CV-00195-NDF)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.

_____

[*] After examining Armstrong's brief and the appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

_____

Proceeding pro se,[1] R. Mark Armstrong appeals the district court's order denying his motion to proceed in forma pauperis (IFP) and its sua sponte dismissal of his complaint with prejudice for failure to state a claim.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ."). Because Armstrong fails to identify any reversible error, we affirm.

On July 8, 2016, Armstrong filed a complaint in federal district court, alleging that various defendants—including the Wyoming Department of Environmental Quality (WDEQ)—violated his constitutional rights under the First, Fifth, and Fourteenth Amendments. The complaint also alleges, inter alia, defamation and violation of (1) the implied covenant of good faith and fair dealing; (2) Wyo. Stat. Ann. § 16-4-205; (3) the False Claims Act (FCA), 31 U.S.C. § 3729; (4) the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968; and (5) the Freedom of Information Act (FOIA), 5 U.S.C § 552.

The district court dismissed all of Armstrong's claims. First, it dismissed Armstrong's claims alleging that defendants violated his First, Fifth, and Fourteenth Amendment rights, concluding that the claims (1) are time-barred; (2) are barred by

_____

[1] Because Armstrong proceeds pro se, we liberally construe his filings. But we won't act as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] Although Armstrong's notice of appeal designates the district court's denial of his motion to proceed IFP, he doesn't challenge that decision in his opening brief. Accordingly, we confine our analysis to the district court's order dismissing his complaint.

the doctrine of res judicata; and (3) fail to state a claim upon which relief may be granted. Second, it dismissed Armstrong's claim that defendants violated the implied covenant of good faith and fair dealing, concluding that (1) the claim is barred by the doctrine of res judicata and (2) it fails to state a claim upon which relief may be granted. Third, it dismissed Armstrong's defamation claim, ruling that (1) the claim is time barred and (2) defendants are entitled to sovereign immunity. Fourth, it dismissed Armstrong's FCA claim, determining that (1) the claim is time-barred; (2) the claim fails to allege that defendants defrauded the federal government; and (3) at least one of the defendants enjoys immunity. Fifth, it dismissed Armstrong's RICO claim, concluding that (1) Armstrong fails to allege a pattern of racketeering activity and (2) the claim is time-barred. Finally, the district court dismissed Armstrong's FOIA and § 16-4-202 claims, concluding that (1) neither FOIA nor § 16-4-202 applies to the requested records and (2) Armstrong isn't the correct party to bring a civil § 16-4-202 claim.[3]

Armstrong first challenges the district court's ruling that his claims alleging violations of the First, Fifth, and Fourteenth Amendments and the implied covenant of good faith and fair dealing are barred by res judicata. In support, he advances three

---

[3] A district court proceeding under § 1915 may only sua sponte dismiss a complaint based on an affirmative defense if that defense "is 'obvious from the face of the complaint' and '[n]o further factual record [is] required to be developed.'" *Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir. 1995) (quoting *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987)). Although the district court relied on affirmative defenses to dismiss all of Armstrong's claims, Armstrong doesn't suggest on appeal that these requirements aren't satisfied here. Instead, he points only to what he perceives as various legal flaws in the district court's reasoning.

arguments. First, he asserts that he didn't receive a full and fair hearing before the district court dismissed his earlier complaint. *See Plotner v. AT & T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000); *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 n.4 (10th Cir. 1999). Second, he argues that res judicata doesn't apply because the doctrine doesn't "shield a blameworthy defendant from the consequences of his own misconduct." *McCarty v. First of Ga. Ins. Co.*, 713 F.2d 609, 612 (10th Cir. 1983). Third, he argues that res judicata doesn't apply because his 2016 complaint contains additional factual allegations that don't appear in his earlier complaint.

But Armstrong fails to provide the requisite reasoning and legal authorities to support these three arguments. Accordingly, we decline to address them. *See* Fed. R. App. P. 28(a)(8)(A) (requiring appellant's brief to include "appellant's contentions and the reasons for them, with citations to the authorities . . . on which the appellant relies"); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (noting we routinely refuse to consider arguments that fail to meet Rule 28's requirements); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992))). And because Armstrong hasn't adequately briefed any basis on which to disturb the district court's ruling that res judicata bars his claims asserting violations of (1) his constitutional rights and (2) the implied duty of good faith and fair dealing, we affirm that ruling without addressing Armstrong's challenges to the district court's alternative bases for dismissing those claims.

4

Next, Armstrong argues the district court erred in concluding that defendants are entitled to sovereign immunity from his defamation claim. Armstrong explains that "[t]he heart of" his entire action against defendants is the allegedly "unethical and illegal permitting of a landfill." Aplt. Br. 20, 69. And he points out that "[a] governmental entity is liable for damages resulting from . . . property damage caused by the negligence of public employees while acting within the scope of their duties in the operation of public utilities and services including . . . solid . . . waste . . . disposal." Wyo. Stat. Ann. § 1-39-108(a).

But Armstrong's defamation claim arises from allegations that defendants (1) wrongfully terminated his employment; (2) refused to let him return to work; (3) made defamatory remarks about him to the media; and (4) sent out an email threatening to terminate the employment of any WDEQ employees who speak to him. Even assuming that defendants undertook these actions in response to Armstrong's decision to report what he viewed as the illegal permitting of the landfill, Armstrong makes no effort to explain whether or how defendants were "acting within the scope of their duties *in the operation*" of the landfill when they allegedly defamed him. § 1-39-108(a) (emphasis added). *See City of Torrington v. Cottier*, 145 P.3d 1274, 1278, 1280 (Wyo. 2006) (defining term "operation" and concluding that § 1-39-108 "waives immunity for negligence in keeping the public utility operable or functional"); *see also Sinclair v. City of Gillette*, 270 P.3d 644, 645, 648 (Wyo. 2012) (holding that city's "negligence in determining the legal status of [plaintiffs'] property" wasn't "negligence in the operation of the storm drain" that city installed

5

on that property because city's negligence was "unrelated to" *actual operation* of storm drain). Because Armstrong's defamation claim doesn't rest on any actions that defendants either performed or failed to perform in keeping the landfill "operable or functional," *Cottier*, 145 P.3d at 1280, his defamation claim "simply does not fit in the niche provided" by § 1-39-108, *Sinclair*, 270 P.3d at 648 (quoting *Sawyer v. City of Sheridan*, 793 P.2d 476, 478 (Wyo. 1990)). Accordingly, Armstrong fails to demonstrate that the district court erred in concluding that defendants enjoy sovereign immunity for purposes of his defamation claim, and we need not address whether—as the district court concluded—that claim is also time-barred.

Next, Armstrong argues that the district court erred in concluding that his FCA[4] claim is time-barred. In support, he points to his allegation that defendants accepted federal funds as late as 2015. But Armstrong doesn't explicitly argue—let alone provide authority establishing—that the FCA's statute of limitations begins to run only when a party *accepts payment* from the government on a false claim, as opposed to when a party "knowingly presents" such a claim to the government. § 3729(a)(1)(A). *See United States v. Rivera*, 55 F.3d 703, 709 (1st Cir. 1995)

---

[4] The district court construed Armstrong's whistleblower claim as part of his FCA claim and therefore dismissed it on the same basis. Armstrong argues this was error, asserting that his whistleblower claim instead arises under the retaliation provision of the Clean Water Act (CWA), 33 U.S.C. § 1251-1388. But to the extent that Armstrong intended or attempted to plead a violation of 33 U.S.C. § 1367, the district court lacked jurisdiction to hear that claim and properly dismissed it. *See Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 & n.2, 1065 (6th Cir. 2014) (explaining that CWA doesn't "grant jurisdiction to the federal district courts to hear claims filed by claimants under the retaliation provision[]" and that "a claimant may not bring a claim under [CWA's] retaliation provision[] directly in federal district court").

(explaining that FCA "attaches liability, not to . . . the government's wrongful payment, but to the 'claim for payment'" (quoting § 3729(a)(1)(A))). Accordingly, we find this argument inadequately briefed and affirm the district court's order to the extent it dismisses Armstrong's FCA claim as time-barred. Thus, we need not address Armstrong's challenges to the district court's alternative bases for dismissing this claim.

Armstrong challenges the district court's ruling that his RICO claim is time-barred on similar grounds, arguing that (1) the underlying conduct is still ongoing and (2) the statute of limitations doesn't start to run unless and until that conduct ceases. But the last predicate act rule doesn't determine when a civil RICO claim accrues. *Rotella v. Wood*, 528 U.S. 549, 554 (2000) ("Since a pattern of predicate acts can continue indefinitely, with each separated by as many as 10 years, that rule might have extended the limitations period to many decades, and so beyond any limit that Congress could have contemplated."). Accordingly, we reject this argument and affirm the district court's dismissal of Armstrong's RICO claim.

That leaves only Armstrong's claims under FOIA and § 16-4-205. The district court dismissed both, concluding that the requested documents weren't subject to FOIA or § 16-4-205, and that in any event, a civil § 16-4-205 claim may only be "initiated by the attorney general or the appropriate county attorney." On appeal, Armstrong makes no attempt to challenge either of these rationales; instead he argues only that such laws are useless if the government can ignore them. In the absence of any assertion that the district court's reasoning was flawed, we find this argument

7

inadequately briefed and decline to address it. *See* Fed. R. App. P. 28(a)(8)(A); *Bronson*, 500 F.3d at 1104.

Because Armstrong fails to identify any basis for reversal, we affirm the district court's order dismissing Armstrong's complaint with prejudice for failure to state a claim.

Entered for the Court

Nancy L. Moritz
Circuit Judge