2006 WY 98

**Jeremy RAY, Petitioner,**

v.

**ST. VINCENT HEALTHCARE, INC.; Johnson County, Wyoming, a political subdivision of the State of Wyoming; and The Board of County Commissioners of Johnson County, Wyoming, being Marilyn Connolly, Jim Mader and Gerald Fink, and any duly appointed successors, all acting in their official capacities; and The Johnson County Sheriff's Department, Respondents.**

**No. 05–235.**

Supreme Court of Wyoming.

Aug. 7, 2006.

R. Douglas Dumbrill and Nathan S. McLeland of Lubnau, Bailey & Dumbrill, P.C., Gillette, Wyoming, for Petitioner. Argument by Mr. McLeland.

Greg L. Goddard of Goddard, Wages & Vogel, Buffalo, Wyoming, for Respondents Johnson County, Wyoming, The Board of County Commissioners of Johnson County, Wyoming, and The Johnson County Sheriff's Department.

No appearance for Respondent St. Vincent Healthcare, Inc.

Before VOIGT, C.J., and GOLDEN, HILL *, KITE, and BURKE, JJ.

* Chief Justice at time of oral argument.

VOIGT, Chief Justice.

[¶ 1] St. Vincent Healthcare, Inc. ("St. Vincent") sued Johnson County, Wyoming, and its board of commissioners (collectively "Johnson County") in order to recover medical expenses incurred in treating Jeremy Ray ("Ray"). In order to avoid a dismissal of the complaint, St. Vincent caused Ray to be joined as a defendant. Ray initially filed an answer, cross-claim, and third-party complaint, but later sought to amend that filing to include a federal civil rights complaint against the Johnson County Sheriff's Department ("Sheriff's Dept.") and both the current and former Johnson County Sheriffs ("the Sheriffs"). The district court denied Ray's motion and Ray sought a writ of review from this Court, which we granted. We will reverse the district court's denial of Ray's motion to amend and remand the case for further proceedings consistent with this opinion.

### ISSUES

[¶ 2] The question presented to us in Ray's *Petition for Writ of Review* is:

whether the appropriate statute of limitations for 42 U.S.C. § 1983 claims is two (2) years pursuant [to] W.S. § 1–3–115 or four (4) years pursuant to *Sullivan v. Bailiff,* 867 F.Supp. 992, [ ]994 and *Garcia v. Wilson,* 731 F.2d 640 (10th Cir[.] 1984) and whether Jeremy Ray's *Motion to Amend Cross–Claim and Third [Party] Complaint Pursuant to W.R.C.P. 15* was timely filed.

### FACTS

[¶ 3] On August 6, 2002, law enforcement officers arrested Ray at the hospital in Buffalo, Wyoming, and placed him in a holding cell at the Johnson County Jail. Despite having been hospitalized for a recent seizure, Ray was assigned a top bunk in the holding cell. Ray subsequently suffered another seizure that caused him to fall from his bunk onto the concrete floor. He suffered extensive injuries—including several skull fractures—as a result of the fall.

[¶ 4] Ray was transported from the jail to Sheridan Memorial Hospital and then to St.

Vincent in Billings, Montana. St. Vincent treated Ray and his medical bills ultimately exceeded $47,000. Because it appears Ray was unable or unwilling to pay these expenses, St. Vincent filed a complaint against Johnson County seeking payment of Ray's debt.

[¶ 5] After Johnson County answered St. Vincent's complaint, St. Vincent added Ray as a defendant and he filed an answer, cross-claim, and third-party complaint. He caused the Sheriff's Dept. to be joined as a third-party defendant and alleged that Johnson County and the Sheriff's Dept. were liable for all of his medical expenses, were negligent, and that he was entitled to indemnification for all of St. Vincent's claims against him. On July 11, 2005, Ray filed a motion to amend his answer, cross-claim and third-party complaint, which amendment would have alleged a cross-claim for a federal civil rights violation under 42 U.S.C. § 1983 (2005) and he also sought to join the Sheriffs in their official capacities.

[¶ 6] The district court denied Ray's motion on two bases. First, it held that Ray's claim fell outside of the two-year statute of limitations for § 1983 claims based on our holding in *Lafferty v. Nickel*, 663 P.2d 168 (Wyo.1983). The district court also denied the motion because "to allow such a complaint to be filed at this late date would cause significant prejudice for the new proposed Defendants because they were not participants in all prior court proceedings." The instant case comes before us on a writ of review from the district court's denial of Ray's motion to amend.

## STANDARD OF REVIEW

[¶ 7] A motion to amend a pleading under W.R.C.P. 15(a) "shall be freely given when justice so requires." However, a district court's decision to grant or deny a motion to amend is a matter best left to the judgment of that court and we will not reverse its decision absent an abuse of discre-tion. *Ekberg v. Sharp*, 2003 WY 123, ¶ 9, 76 P.3d 1250, 1253 (Wyo.2003).

[¶ 8] Application of a statute of limitations is a question of law that we review *de novo*. *McCreary v. Weast*, 971 P.2d 974, 978 (Wyo.1999).

## DISCUSSION

[¶ 9] In *Lafferty*, 663 P.2d at 170, we held that "claims based on the federal civil rights statutes, 42 U.S.C. §§ 1983, 1985, are governed by the two-year statute of limitations period contained in § 1–3–115...." [1] Wyo. Stat. Ann. § 1–3–115 (LexisNexis 2005) states:

All actions upon a liability created by a federal statute, other than a forfeiture or penalty, for which no period of limitations is provided in such statute, shall be commenced within two (2) years after the cause of action has accrued.

Based on *Lafferty*, the district court in the instant case determined that Ray filed his claim outside of the two-year statute of limitations and it was, therefore, time barred. The issue on this writ of review is whether *Lafferty* remains good law.

[¶ 10] After our decision in *Lafferty*, the United States Supreme Court decided *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In *Wilson*, 471 U.S. at 263, 105 S.Ct. at 1940, the plaintiff alleged a § 1983 violation in the United States District Court for the District of New Mexico for a beating he had received at the hands of a state police officer. He claimed that he was attacked as a result of the state police chief's negligence in training, supervising, and disciplining the officer. *Id.* The defendants' motion to dismiss for failure to file within the state statute of limitations was denied but the matter was certified to the Tenth Circuit for an interlocutory appeal. *Id.* at 264, 105 S.Ct. at 1941. The Tenth Circuit affirmed the denial of the motion to dismiss, determining that the state statute of limitations for

---

1. "Congress provided no specific statute of limitations for actions under the Civil Rights Acts. 42 U.S.C. § 1988 endorses for the Civil Rights Acts the 'settled practice' of adopting a state limitations period when the federal statute provides no such period, provided the state limitations period is not inconsistent with federal law or policy." *Arnold v. Duchesne County*, 26 F.3d 982, 983–84 (10th Cir.1994).

personal injury actions was the appropriate statute to apply in § 1983 actions and the claim was filed within the three years allowed under that New Mexico statute. *Garcia v. Wilson,* 731 F.2d 640, 651 (10th Cir. 1984).

[¶ 11] The United States Supreme Court affirmed the Tenth Circuit. *Wilson,* 471 U.S. at 266, 105 S.Ct. at 1942. The Supreme Court first determined that "[s]ince federal law is available to decide the question, the language of § 1988 directs that the matter of characterization [of § 1983 claims for statute of limitations purposes] should be treated as a federal question. Only the length of the limitations period, and closely related questions of tolling and application, are to be governed by state law." *Id.* at 268–69, 105 S.Ct. at 1943 (footnote omitted). Because federal law governed the issue, the Supreme Court next decided that the "federal interests in uniformity, certainty, and the minimization of unnecessary litigation all support the conclusion that Congress favored" a uniform characterization of § 1983 claims when determining which state statute of limitations applies. *Id.* at 275, 105 S.Ct. at 1947. Finally, the Supreme Court held that the proper statutes to apply in § 1983 litigation are state limitations periods for tort personal injury actions in which the recovery of damages is sought. *Id.* at 276, 105 S.Ct. at 1947.

[¶ 12] Based on the holding in Wilson, it is clear that *Lafferty* is no longer valid. In *Lafferty,* 663 P.2d at 170, we held that Wyo. Stat. Ann. § 1–3–115—the residual federal claims statute of limitations—applied to § 1983 claims. The clear rule in Wilson is that such statutes of limitations do not apply and that a state's personal injury statute must be uniformly applied in § 1983 cases. The United States Supreme Court's ruling is binding on Wyoming courts under the supremacy clauses of both the United States and Wyoming Constitutions. *See* U.S. Const. art. VI; Wyo. Const. art. 1, § 37; *United*

*Pac. Ins. Co. v. Wyoming Excise Tax Div., Dep't of Revenue & Taxation,* 713 P.2d 217, 227 (Wyo.1986). Therefore, the proper statute of limitations to apply in Wyoming state courts for § 1983 claims is the four-year limitations period contained in Wyo. Stat. Ann. § 1–3–105(a)(iv)(C) (LexisNexis 2005)[2] and not the two-year period in § 1–3–115.

[¶ 13] In the instant case, it appears that the actions that underlie Ray's § 1983 claim arose on August 9, 2002, during his detention at the Johnson County jail. Because Ray's injury was immediately apparent, the statute of limitations began to run from the date of that injury. *Nowotny v. L & B Contract Indus., Inc.,* 933 P.2d 452, 456–57 (Wyo.1997). He filed his motion to amend, which motion alleged his § 1983 cross-claim, on July 11, 2005. Because less than three years had passed between the date of Ray's injuries and his attempt to file the § 1983 claim, that claim fell within the four-year statute of limitations and was timely.

[¶ 14] In the respondents' brief, Johnson County and the Sheriff's Dept. argue that we may nevertheless affirm the district court's denial of Ray's motion to dismiss because Ray did not properly allege compliance with the Wyoming Governmental Claims Act and Article 16, § 7 of the Wyoming Constitution in his proposed amended complaint, cross-claim, and counter-claim. The question before us, however, is not whether the order should be affirmed or denied, but whether the district court erred in applying the two-year statute of limitations in Wyo. Stat. Ann. § 1–3–115. Further, the district court never ruled on this matter below, and we will not address this issue in the first instance because we did not grant the writ of review to determine this question.

## CONCLUSION

[¶ 15] The statute of limitations for claims brought in Wyoming state courts un-

---

**2.** That statute states:

(a) Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action accrues:

. . .

(iv) Within four (4) years, an action for:

(C) An injury to the rights of the plaintiff, not arising on contract and not herein enumerated. . . .

We have often repeated that § 1–3–105(a)(iv)(C) is Wyoming's statute of limitations for personal injury actions. *See Ryel v. Anderies,* 4 P.3d 193, 195 (Wyo.2000).

der 42 U.S.C. § 1983 is four years. Ray sought to amend his counter-claim and cross-claim to add a § 1983 cause of action within the four-year statute of limitations and his motion to amend, therefore, should not have been denied as untimely.

[¶ 16] Reversed and remanded for further proceedings consistent with this opinion.