# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 81

### APRIL TERM, A.D. 2014

### June 23, 2014

| | |
|---|---|
| HOLLY STROTH, PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF GARY CARL STROTH,<br><br>Appellant<br>(Plaintiff),<br><br>v.<br><br>NORTH LINCOLN COUNTY HOSPITAL DISTRICT, d/b/a STAR VALLEY MEDICAL CENTER,<br><br>Appellee<br>(Defendant). | No. S-13-0181 |
| HOLLY STROTH, PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF GARY CARL STROTH,<br><br>Appellant<br>(Plaintiff),<br><br>v.<br><br>THAYNE AMBULANCE SERVICE (EMS) and TOWN OF THAYNE, WYOMING,<br><br>Appellees<br>(Defendants). | No. S-13-0221 |

*Appeal from the District Court of Lincoln County*
*The Honorable Dennis L. Sanderson, Judge*

*Representing Appellant:*

*William R. Fix, William R. Fix, P.C., Jackson, Wyoming.*

*Representing Appellee, North Lincoln County Hospital District (S-13-0181):*

*W. Henry Combs, III and Andrew F. Sears, Murane and Bostwick, LLC, Casper, Wyoming. Argument by Mr. Sears.*

*Representing Appellees, Thayne Ambulance Service (EMS) and Town of Thayne, Wyoming (S-13-0221):*

*Spencer L. Allred and John D. Bowers, Bowers Law Firm, Afton, Wyoming. Argument by Mr. Allred.*

*Before KITE, C.J., and HILL, BURKE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Justice.**

[¶1]    This case involves a claim arising under the Wyoming Governmental Claims Act (WGCA), Wyo. Stat. Ann. §§ 1-39-101 through -121 (LexisNexis 2009).  Appellant, Holly Stroth, as personal representative of the estate of the decedent, Gary Carl Stroth, filed a wrongful death action against the North Lincoln County Hospital District (d/b/a Star Valley Medical Center), the Town of Thayne, Wyoming, and the Thayne Ambulance Service.  The district court dismissed the action, finding that Appellant had not filed a notice of claim within two years, as required under the WGCA.  We affirm.

### ISSUES

[¶2]    Appellant presents the following issues:

> 1. Did the district court err when it failed to apply the tolling provision of the Medical Review Panel Act to toll the period for filing a notice of governmental claim set forth in the Wyoming Governmental Claims Act?
>
> 2. Did the district court err by failing to consider the "continuous treatment" doctrine?

Appellees phrase the issues in a substantially similar manner.

### FACTS

[¶3]    Appellant pursued an action for wrongful death on behalf of Mr. Stroth's estate based on alleged negligent treatment Mr. Stroth received during transport to, and in the emergency room of, the Star Valley Medical Center.  Prior to filing her complaint in the district court, Appellant submitted a notice of claim against the Hospital to the Medical Review Panel[1] on July 6, 2011, and the Hospital waived any further proceedings before the Panel on September 9, 2011.  Appellant subsequently presented notice of her claim to the Hospital on October 11, 2012, in an attempt to comply with the Wyoming

---

[1] Pursuant to the Wyoming Medical Review Panel Act of 2005, no complaint alleging malpractice may be filed in any court against a health care provider before a claim is reviewed by a five-member medical review panel. Wyo. Stat. Ann. § 9-2-1513, *et seq*.  According to the Act, its purpose is to "prevent where possible the filing in court of actions against health care providers and their employees for professional liability in situations where the facts do not permit at least a reasonable inference of malpractice," and to "make possible the fair and equitable disposition of such claims against health care providers as are, or reasonably may be, well founded." Wyo. Stat. Ann. § 9-2-1514.

1

Governmental Claims Act.[2] The following day, Appellant submitted a second notice of claim to the Medical Review Panel, which added claims against the Town of Thayne and the Thayne Ambulance Service. On October 15, 2012, Appellant filed her complaint in Lincoln County District Court.

[¶4] Appellant's complaint generally alleged that the Hospital and the Ambulance Service were negligent in their care of Mr. Stroth, and that this negligence resulted in Mr. Stroth's wrongful death. The complaint further alleged that the Town of Thayne was vicariously liable under the doctrine of *respondeat superior* "for the acts and omissions of its employees, agents, and representatives, including, but not limited to, employees, staff, and/or emergency medical technicians at Thayne Ambulance Service."[3] Appellant's notice of claim filed with the Medical Review Panel on July 6 was attached to and incorporated into her complaint. The notice of claim set forth the following description of the events leading up to Mr. Stroth's death:

> On September 23, 2010, Carl Stroth became very sick in the middle of the night. His wife, Holly Stroth called 911 and requested an ambulance. It took 1-2 hours for the ambulance to arrive. Holly rode with Carl in the ambulance to the hospital. Carl was transported on a gurney. He was lying on his back with an oxygen mask on his face. At one point, Carl threw up in his oxygen mask. The nurses were not paying attention so Holly alerted them, and they took off Carl's oxygen mask.
>
> Upon arriving in the emergency room at Star Valley Medical Center, Carl was still on the gurney, and he was surrounded by hospital employees. As Carl continued to lie on his back, he threw up a second time with the oxygen mask off his face. A few minutes later, Carl threw up a third time at which point one of the nurses stepped back[] and exclaimed "Eoooow". No nurse tried to turn Carl on his side to make sure that he did not aspirate on his vomit. Carl then threw up a fourth time. This all occurred at about 4:30 a.m.

---

[2] Pursuant to Wyo. Stat. Ann. § 1-39-113, "No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission . . . ."

[3] It appears that the Thayne Ambulance Service is not an entity separate from the Town of Thayne. The record indicates that employees identified as "agents" of the Thayne Ambulance Service are volunteers for the Town of Thayne.

2

Carl was thereafter life flighted to [Eastern Idaho Regional Medical Center] in Idaho Falls. Chest X-rays taken of Carl at EIRMC showed that he had aspirated some of the vomit and had contracted aspiration pneumonia as he had a foreign body in his lungs.[4] After a few days at EIRMC, Carl seemed to be getting better and was allowed to go home. He was home for a few days and then he started getting worse. Holly took her husband back to EIRMC. EIRMC doctors were never able to stabilize Carl after he went back into the hospital, and he began bleeding in his stomach. He died October 13, 2010, from complications of his treatment at Star Valley Medical Center.

The conduct of the staff and the nurses at Star Valley Medical Center was inappropriate and substandard and did not follow protocol in that they should have reacted to Carl vomiting and immediately turned him [on] his side to prevent him from swallowing his own vomit. Due to the failure to react appropriately to Carl's vomiting, he swallowed his own vomit which eventually led to him contracting pneumonia and dying.

Star Valley Medical Center is liable to Claimant for the wrongful death of Carl Stroth. Such liability arises out of the professional negligence of the hospital staff and employees.

Star Valley Medical Center breached its duty of care to Carl Stroth through its negligent acts and omissions. Star Valley Medical Center breached its duty to provide proper emergency care to Carl Stroth. The wrongful conduct of the hospital as alleged herein was the proximate cause of Carl Stroth's death as described herein.

[¶5]   Pursuant to W.R.C.P. 12(b)(6), the Hospital filed a motion to dismiss Appellant's complaint. The Town of Thayne and the Thayne Ambulance Service also filed a joint motion to dismiss based on Rule 12(b)(6). In the memoranda supporting their motions,

---

[4] The complaint indicates that Mr. Stroth was x-rayed and diagnosed with aspiration pneumonia at the Star Valley Medical Center before being transferred to the Eastern Idaho Regional Medical Center.

the defendants asserted that Appellant had failed to present notice of her claim within two years of the "alleged act, error or omission," as required under the Governmental Claims Act. Following a hearing on April 8, 2013, at which all parties participated, the court granted the Hospital's motion to dismiss after determining that Appellant's claim had not been timely filed under the Governmental Claims Act. The court's order did not mention the Town of Thayne or the Thayne Ambulance Service. After this oversight was brought to the court's attention, the court entered a separate order dismissing the Town of Thayne and the Thayne Ambulance Service. Appellant timely filed notices of appeal from the district court's orders, and the appeals were consolidated for argument and decision.

## STANDARD OF REVIEW

[¶6] When reviewing W.R.C.P. 12(b)(6) motions to dismiss, we accept the facts stated in the complaint as true and view them in the light most favorable to the plaintiff. We will sustain such a dismissal when it is certain from the face of the complaint that the plaintiff cannot assert any fact which would entitle him to relief. *Sinclair v. City of Gillette*, 2012 WY 19, ¶ 8, 270 P.3d 644, 646 (Wyo. 2012). Although we view the facts in the light most favorable to the plaintiff, we have also stated that "Liberal construction of pleadings does not excuse omission of that which is material and necessary in order to entitle one to relief." *Excel Constr., Inc. v. HKM Eng'g, Inc.*, 2010 WY 34, ¶ 35, 228 P.3d 40, 49 (Wyo. 2010) (citing *William F. West Ranch, LLC v. Tyrrell*, 2009 WY 62, ¶ 9, 206 P.3d 722, 726 (Wyo. 2009)).

[¶7] We must interpret the provisions of the WGCA and the Medical Review Panel Act in order to determine whether Appellant's notice of claim was timely filed under the WGCA.

> When we interpret statutes, our goal is to give effect to the intent of the legislature, and we "attempt to determine the legislature's intent based primarily on the plain and ordinary meaning of the words used in the statute." *Krenning v. Heart Mountain Irrigation Dist.*, 2009 WY 11, ¶ 9, 200 P.3d 774, 778 (Wyo. 2009). Statutory interpretation presents a question of law, so our review of the district court's conclusions is *de novo*. *Id.*; *Sinclair Oil Corp. v. Wyo. Dep't of Revenue*, 2010 WY 122, ¶ 7, 238 P.3d 568, 570 (Wyo. 2010).
>
> With specific regard to the Wyoming Governmental Claims Act, we have said that we should not "enlarge, stretch, expand[,] or extend" the statutory language to include "matters not falling within its express provisions." *State v. Watts*, 2008 WY 19, ¶ 19, 177 P.3d 793, 798 (Wyo. 2008). Instead, we use our "standard rules" of statutory interpretation

4

> "to determine whether the legislature intended that immunity be waived for a particular claim and will not resort to reliance upon previous unsupported and unnecessary suggestions that the act is to be interpreted either liberally or strictly." *Id.*, ¶ 20, 177 P.3d at 798-99.

*Sinclair*, ¶¶ 8-9, 270 P.3d at 646.

## *DISCUSSION*

[¶8]    The Wyoming Governmental Claims Act "provides broad governmental immunity from tort liability." *Id.*, ¶ 10, 270 P.3d at 646 (quoting *Krenning*, ¶ 21, 200 P.3d at 781). Certain enumerated activities, however, are excepted from the general immunity rule. Wyo. Stat. Ann. §§ 1-39-105 through -112. The Act provides that "[a] governmental entity is liable for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of health care providers who are employees of the governmental entity . . . while acting within the scope of their duties." Wyo. Stat. Ann. § 1-39-110(a).

[¶9]    Before a suit can be brought against a governmental entity or public employee, however, a claimant must follow certain procedures. Among those procedures is the notice-of-claims requirement, which provides in relevant part as follows:

> **§ 1-39-113.  Claims procedure.**
>
> (a) No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:
>
>> (i) Not reasonably discoverable within a two (2) year period; or
>>
>> (ii) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.

Wyo. Stat. Ann. § 1-39-113(a). "Wyoming precedent is unequivocal in holding that failure to file a claim with the governmental entity within the two-year period provided in

§ 1-39-113(a) is an absolute bar to suit." *Rawlinson v. Cheyenne Bd. of Pub. Utils*, 2001 WY 6, ¶ 8, 17 P.3d 13, 15 (Wyo. 2001).

[¶10] In the present case, Appellant submitted her notice of governmental claim to Appellees on October 11, 2012, approximately two years and two weeks after the decedent was transported by the Thayne Ambulance Service and treated at the Star Valley Medical Center. Although Appellant's claim was submitted over two years after the date of the alleged act, error, or omission, Appellant contends that Wyo. Stat. Ann. § 9-2-1518 operates to toll the two-year period for filing a claim under the WGCA. That section of the Medical Review Panel Act provides as follows:

> **§ 9-2-1518. Claims to be reviewed by panel; prohibition on filing claims in court; tolling of statute of limitation; immunity of panel and witnesses; administration.**
>
> (a) The panel shall review all malpractice claims against health care providers filed with the panel except those claims subject to a valid arbitration agreement allowed by law or upon which suit has been filed prior to July 1, 2005. Unless submission to the panel is waived in accordance with W.S. 9-2-1519(a), no complaint alleging malpractice shall be filed in any court against a health care provider before a claim is made to the panel and its decision is rendered. The running of the applicable limitation period in a malpractice action is tolled upon receipt by the director of the claim and does not begin again until thirty (30) days after the panel's final decision, or seventy-five (75) days after the panel's last hearing, whichever occurs earlier.

According to Appellant, the two-year period under the WGCA was tolled for a period of 95 days. We do not agree.

[¶11] As noted above, Appellant did not submit a notice of claim against the Town of Thayne or the Thayne Ambulance Service to the Medical Review Panel until October 12, 2012. Because that notice of claim to the Medical Review Panel was filed over two years after the date of the alleged act, error, or omission, the Act could not have operated to toll the time period for filing a notice of claim under the WGCA. Accordingly, we do not need to give further consideration to Appellant's assertion that the statutory period for filing a notice of claim under the WGCA was tolled with respect to these parties.

[¶12] In contrast, Appellant's notice of claim against the Hospital was submitted to the Medical Review Panel prior to expiration of the two-year period for filing notice of a governmental claim. Nonetheless, we are not persuaded that the Medical Review Panel

Act operates to "toll" the statutory period for filing a notice of governmental claim under the WGCA. The plain language of Wyo. Stat. Ann. § 9-2-1518 unambiguously indicates that the tolling period described in that section applies to the filing of a "complaint" in "any court against a health care provider." A notice of claim, however, is not a "complaint" that must be filed in a "court." It must be submitted to the governmental entity alleged to have been responsible for causing harm to the claimant. Wyo. Stat. Ann. § 1-39-113. If this condition is satisfied, the claimant is then subject to a one-year statute of limitations for filing an action in court against the governmental entity. Wyo. Stat. Ann. § 1-39-114. Whether the one-year statute of limitations for filing a complaint has been tolled is not an issue that is before us.

[¶13] Further, if the legislature had intended for the Medical Review Panel Act to toll the period for filing notice of a governmental claim, it could have included such a provision in the WGCA. An example of such a provision is contained in Wyoming's Wrongful Death Act. In contrast to the WGCA, the Wrongful Death Act explicitly provides that the limitations period for wrongful death actions involving medical malpractice is tolled by the provisions of the Medical Review Panel Act:

> **§ 1-38-102. Action to be brought by wrongful death representative; recovery exempt from debts; measure and element of damages; limitation of action.**
>
> . . .
>
> (d) An action for wrongful death shall be commenced within two (2) years after the death of the decedent. If the decedent's death involved medical malpractice this limitation period shall be tolled as provided in W.S. 9-2-1518 upon receipt by the director of the medical review panel of a malpractice claim.

(LexisNexis 2013). No similar provision is contained within the WGCA. As we have previously stated,

> "[A] basic tenet of statutory construction is that omission of words from a statute is considered to be an intentional act by the legislature, and this court will not read words into a statute when the legislature has chosen not to include them."

*Walters v. State ex rel. Wyo. DOT*, 2013 WY 59, ¶ 18, 300 P.3d 879, 884 (Wyo. 2013) (quoting *Adelizzi v. Stratton*, 2010 WY 148, ¶ 11, 243 P.3d 563, 566 (Wyo. 2010)). Moreover, as noted above, we have stated that we should not "enlarge, stretch, expand, or

extend" the language of the WGCA to include "matters not falling within its express provisions." According to these rules of statutory interpretation, we must interpret the WGCA's omission of a reference to the tolling provision contained in the Medical Review Panel Act as evidence of the legislature's intent that the tolling provision does not apply in the context of the notice-of-claim requirement under the WGCA. If the legislature had intended for the tolling provision to apply to the notice-of-claim requirement, it could have easily done so by expressly providing for its application, as it did under Section 102(d) of the Wrongful Death Act. Accordingly, for the reasons set forth above, we conclude that Wyo. Stat. Ann. § 9-2-1518 does not operate to toll the two-year period for submitting a notice of claim to a governmental entity under the WGCA.

[¶14] In Appellant's next claim, she contends that the period for submitting a notice of claim under the WGCA was extended by the "continuous treatment" doctrine. Under the continuous treatment doctrine, "the act, error or omission which starts the running of the statute of limitations against medical malpractice actions is the termination of the course of treatment for the same or related illnesses or injuries." *Nobles v. Mem'l Hosp. of Laramie County*, 2013 WY 66, ¶ 18, 301 P.3d 517, 522 (Wyo. 2013) (quoting *Metzger v. Kalke*, 709 P.2d 414, 417 (Wyo. 1985)). Appellant's complaint, however, does not allege any facts indicating a continuing course of treatment by medical personnel employed by either the Thayne Ambulance Service or the Hospital. Appellant did not assert any facts suggesting that Mr. Stroth was treated by employees of the Thayne Ambulance Service following his transport to the Hospital on September 23, and we note that such "continuing treatment" is generally inconsistent with the circumstances of emergency transport. Further, with respect to the Hospital, Appellant's complaint asserts that Mr. Stroth was treated in the emergency room before being transferred to the Eastern Idaho Regional Medical Center. The complaint gives no indication as to the amount of time Mr. Stroth remained at the Hospital prior to his transfer, and it does not allege any facts relating to a physician-patient relationship with Medical Center staff. Moreover, in asserting that Appellant alerted Hospital staff to the fact that Mr. Stroth had vomited into his oxygen mask, the complaint indicates that Appellant had knowledge of the alleged errors and omissions by Hospital employees immediately following Mr. Stroth's arrival at the Hospital.

[¶15] On April 8, 2013, Appellant filed a motion to amend her complaint "to specifically allege that Mr. Stroth continued to receive medical treatment from the defendants for the same condition which defendants['] actions caused and which ultimately resulted in his death." That motion was not granted. Even if the court had granted Appellant's motion, however, the amended complaint does not contain any facts to support Appellant's conclusory allegation that the decedent received continuous treatment from employees of the Ambulance Service or the Hospital. Under these circumstances, there is simply no basis to conclude that the period for filing notice of a governmental claim was extended by the continuous treatment doctrine.

[¶16] Finally, Appellant asserts that the period for filing a governmental claim was extended due to the decedent's incapacity. We are unable to find any merit in this claim. Appellant filed this action as personal representative of Mr. Stroth's estate seeking damages caused by the decedent's alleged wrongful death. In this procedural context, the decedent's capacity is not relevant to Appellant's ability to file suit. Because Appellant made no allegation that she lacked capacity at any time during the limitations period, we need not address this issue.

[¶17] Based on the plain language of the WGCA and the Medical Review Panel Act, we conclude that the tolling provision contained in the Medical Review Panel Act does not operate to delay the notice-of-claim requirement contained in the WGCA. The allegations asserted in Appellant's complaint indicate that her claim accrued on September 23, 2010. Appellant presented her notice of claim to Appellees on October 11, 2012, over two years after the accrual of her claim. Accordingly, we affirm the district court's order dismissing Appellant's complaint for failure to submit a timely notice of claim under the WGCA.

[¶18] Affirmed.