# IN THE SUPREME COURT, STATE OF WYOMING

# 2022 WY 112

## APRIL TERM, A.D. 2022

## September 16, 2022

SHARON CASEY,

Appellant
(Plaintiff),

v.

TETON COUNTY HOSPITAL DISTRICT,
d/b/a ST. JOHN'S MEDICAL CENTER
n/k/a ST. JOHN'S HEALTH; ST. JOHN'S
HOSPITAL FOUNDATION and ST.
JOHN'S HEALTH FOUNDATION,

Appellees
(Defendants).

S-22-0030

*Appeal from the District Court of Teton County*
*The Honorable Timothy C. Day, Judge*

*Representing Appellant:*
    Collin C. Hopkins, The Law Offices of Collin Hopkins, PC, Riverton, Wyoming.

*Representing Appellees:*
    Amanda Hunkins Newton and Holly Tysse, Crowley Fleck PLLP, Cheyenne, Wyoming.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    Appellant Sharon Casey filed a negligence action naming St. John's Hospital Foundation, St. John's Health Foundation, and Teton County Hospital District, d/b/a St. John's Medical Center n/k/a St. John's Heath, as defendants (collectively referred to as the Hospital).  The Hospital asserted that Ms. Casey failed to comply with the notice requirement of the Wyoming Governmental Claims Act (WGCA), Wyo. Stat. Ann. § 1-39-113.  The district court granted summary judgment to the Hospital.  Ms. Casey appeals.  We affirm.

*ISSUE*

[¶2]    Can a party satisfy the two-year Wyoming Governmental Claims Act notice requirement by substantial compliance?

*FACTS*

[¶3]    On August 23, 2018, Ms. Casey had surgery on her arm at St. John's Medical Center in Jackson, Wyoming.  The surgery was unremarkable, but on August 23 or 24, while she was still in the Hospital, her arm was twisted, causing the need for a second surgery.  That second surgery was performed on September 19, 2018.  According to her Complaint, Ms. Casey suffered damages because of the medical treatment she received at the Hospital.

[¶4]    Ms. Casey executed a Verified Notice of Claim.  The Notice of Claim was sent by U.S. mail, postmarked August 21, 2020 (a Friday), from Casper, Wyoming, in three separate envelopes.  One envelope was addressed to Teton County Hospital District, d/b/a St. John's Medical Center, one was addressed to St. John's Hospital Foundation, and one was addressed to St. John's Health.  All three envelopes arrived in Jackson, Wyoming, at the Hospital's post office box on August 26, 2020, more than two years after the alleged negligence.  They were received by the Hospital's Risk Management office on August 27, 2020.

[¶5]    In February 2021, Ms. Casey filed her negligence complaint.  She alleged that she timely submitted a Notice of Claim as required by the WGCA, Wyo. Stat. Ann. § 1-39-113, and Wyo. Const. art. 16, § 7.  The Hospital filed a motion for summary judgment.[1]  It argued that there was no dispute of material fact that Ms. Casey failed to file or present her notice of claim within two years of the alleged act, error, or omission, as required by the WGCA, Wyo. Stat. Ann. § 1-39-113(a).  Ms. Casey conceded that she did not timely file

---

[1] Prior to moving for summary judgment, the Hospital moved to dismiss the complaint, arguing the Notice of Claim was untimely.  According to the briefs, the district court denied the motion, but its order denying the motion is not contained in the designated record transmitted to this Court.

1

or present her notice of claim, but argued she substantially complied with the WGCA. The district court granted the Hospital's motion. Ms. Casey appeals.

## STANDARD OF REVIEW

[¶6] We review the district court's order granting summary judgment de novo and can affirm on any legal grounds provided in the record. *Burns v. Sam*, 2021 WY 10, ¶ 7, 479 P.3d 741, 743 (Wyo. 2021) (citing *Warwick v. Accessible Space, Inc.*, 2019 WY 89, ¶ 9, 448 P.3d 206, 210 (Wyo. 2019)).

> [W]e review a summary judgment in the same light as the district court, using the same materials and following the same standards. We examine the record from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences that may fairly be drawn from the record. A material fact is one which, if proved, would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties.

*Id.* ¶ 7, 479 P.3d at 744 (quoting *Warwick*, ¶ 9, 448 P.3d at 210–11).

## DISCUSSION

### Can a party satisfy the two-year Wyoming Governmental Claims Act notice requirement by substantial compliance?

[¶7] Before a suit can be brought against a governmental entity, the claimant must follow the procedure outlined in the WGCA and the Wyoming Constitution. Wyo. Stat. Ann. § 1-

39-113[2] and Wyo. Const. art. 16, § 7;[3] *see, e.g., Stroth v. N. Lincoln Cnty. Hosp. Dist.*, 2014 WY 81, ¶ 9, 327 P.3d 121, 125 (Wyo. 2014); *Harmon v. Star Valley Med. Ctr.*, 2014 WY 90, 331 P.3d 1174 (Wyo. 2014). This includes the notice of claim. The claim must be presented to the governmental entity within two years of the date of the alleged wrongful act, error, or omission. Wyo. Stat. Ann. § 1-39-113(a). The notice of claim "is not a

_____

[2] The WGCA provides:

> **§ 1-39-113. Claims procedure.**
> (a) **No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity** as an itemized statement in writing **within two (2) years of the date of the alleged act, error or omission**, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:
> > (i) Not reasonably discoverable within a two (2) year period; or
> > (ii) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.
> (b) The claim shall state:
> > (i) The time, place and circumstances of the alleged loss or injury including the name of the public employee involved, if known;
> > (ii) The name, address and residence of the claimant and his representative or attorney, if any; and
> > (iii) The amount of compensation or other relief demanded.
> (c) All claims against the state shall be presented to the general services division of the department of administration and information. Claims against any other governmental entity shall be filed at the business office of that entity. In the case of claims against local governments the claim submitted need not be acted upon by the entity prior to suit. For purposes of this section, "business office" means:
> > (i) The county clerk of a county, including its agencies, instrumentalities and institutions;
> > (ii) The city or town clerk of a city or town, including its agencies, instrumentalities and institutions;
> > (iii) The secretary of a joint powers board, airport board, public corporation, community college district board of trustees or special district . . . .

Wyo. Stat. Ann. § 1-39-113(a)–(c)(iii) (LexisNexis 2021) (emphasis added).
[3] The Wyoming Constitution provides:

> No money shall be paid out of the state treasury except upon appropriation by law and on warrant drawn by the proper officer, and no bills, claims, accounts or demands against the state, or any county or political subdivision, shall be audited, allowed or paid until a full itemized statement in writing, certified to under penalty of perjury, shall be filed with the officer or officers whose duty it may be to audit the same.

Wyo. Const. art. 16, § 7.

'complaint' that must be filed in a 'court.'" *Stroth*, ¶ 12, 327 P.3d at 126. Rather, it is submitted to the governmental entity alleged to have caused the claimant harm. *Id.* If the claimant satisfies the notice of claim requirements, the claimant "is then subject to a one-year statute of limitations for filing an action in court against the governmental entity." *Id.*

[¶8] Relying on this Court's precedent which holds that a notice of claim is not a jurisdictional requirement but is instead a condition precedent to filing suit, *see Harmon*, ¶ 49, 331 P.3d at 1188, and contract law, Ms. Casey argues that substantial compliance with the notice of claim requirements of the WGCA should satisfy the WGCA. In response, the Hospital argues that our precedent requires strict compliance with the WGCA, and that *Harmon*, ¶ 49, 331 P.3d at 1188, makes clear that compliance with the notice of claim requirements of the WGCA is a condition precedent to filing suit, and the failure to satisfy the requirements must be raised as an affirmative defense. The Hospital raised the failure to comply with the notice requirements here. The Hospital also argues contract law does not apply to the WGCA.[4]

[¶9] We first consider the application of contract law to WGCA jurisprudence and then examine the WGCA and our precedent regarding its notice of claim requirement and the effect of deficient notice.

**Contract Conditions Precedent and the WGCA**

[¶10] In *Harmon*, ¶ 46, 331 P.3d at 1187, we explained that the proper "[p]resentation of a claim is a condition precedent to suing a governmental entity[.]" The non-occurrence of a condition precedent in a contract will generally excuse the other party's duty to perform its obligations under the contract. *See Miles v. CEC Homes, Inc.*, 753 P.2d 1021, 1026 (Wyo. 1988). However, when a party substantially complies with a condition precedent, the non-occurrence of the condition precedent will not discharge the other party's contractual duties. *Id.*

> "The doctrine of substantial performance allows a party that has substantially complied with a contract to recover for its performance despite the fact that it has breached the contract by failing to comply fully with its terms." 15 *Williston on Contracts* § 44:58 (4th ed. 2017). The doctrine applies to bilateral contracts that call for an exchange of performances and one party's performance is a constructive condition precedent to the other's party's duty to render the return

---

[4] In addition, the Hospital contends that even if the Court were to conclude substantial compliance is adequate, here Ms. Casey failed to substantially comply with the WGCA notice requirement. Ms. Casey argues that she substantially complied with the WGCA two-year notice requirement. We do not reach these arguments.

4

performance promised. *Id.* § 44:52. The doctrine is rooted in fairness and "is intended to protect a party's right to be compensated when it has performed in all material and substantive respects and to avoid the possibility of a forfeiture due to technical, minor, inadvertent, or unimportant deficiencies." *Id.*

*Bear Peak Res., LLC v. Peak Powder River Res., LLC*, 2017 WY 124, ¶ 40, 403 P.3d 1033, 1047 (Wyo. 2017).[5] In a contract setting, the doctrine of substantial performance is well-settled.

[¶11] Claims brought against governmental entities under the WGCA are statutory claims, not contract claims. "The decision of whether to waive immunity for a governmental entity belongs to the Wyoming Legislature, not this Court." *Craft v. State ex rel. Wyoming Dep't of Health*, 2020 WY 70, ¶ 28, 465 P.3d 395, 403 (Wyo. 2020). We decline Ms. Casey's invitation to look to our contract jurisprudence to create an exception to the notice requirements set forth by the legislature in the WGCA.

**WGCA Notice of Claim Requirements**

[¶12] The WGCA requires notice of a claim be given "within two (2) years of the date of the alleged act, error or omission," Wyo. Stat. Ann. § 1-39-113(a), and that such notices be "filed at the business office of that entity," Wyo. Stat. Ann. § 1-39-113(c). It defines "business office" (relevant to this case) as "[t]he secretary of a . . . special district[.]" Wyo. Stat. Ann. § 1-39-113(c)(iii).

---

[5] The Restatement (Second) of Contracts § 229 (Am. L. Inst. 1981) explains that the non-occurrence of a condition precedent may be excused unless the condition "was a material part of the agreed exchange." The Restatement lists factors to be considered in determining whether a failure to perform a condition is material:

> (a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;
> (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;
> (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;
> (d) the likelihood that the party failing to perform or offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;
> (e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

*Id.* § 241. Ms. Casey argues that each of these factors supports the conclusion that she substantially complied with the WGCA notice requirements and that the Hospital's two-day delay in receiving notice was not material.

[¶13]  We have long held that strict compliance with the two-year notice provision is required to bring a claim against a governmental entity.  *See, e.g.*, *Rawlinson v. Cheyenne Bd. of Pub. Utilities*, 2001 WY 6, ¶ 8, 17 P.3d 13, 15 (Wyo. 2001) ("Wyoming precedent is unequivocal in holding that failure to file a claim with the governmental entity within the two-year period provided in § 1-39-113(a) is an absolute bar to suit."); *Davis v. City of Casper*, 710 P.2d 827, 829 (Wyo. 1985) (Plaintiffs did not present their claims within the two-year period provided in § 1-39-113(a), "and are barred from bringing their action because a failure to file a timely claim is an absolute bar to suit."); *Lafferty v. Nickel*, 663 P.2d 168, 172 (Wyo. 1983) ("The failure to timely notify the government entity precludes the claimant from bringing an action under the Wyoming Governmental Claims Act."), *abrogated on other grounds by Ray v. St. Vincent Healthcare, Inc.*, 2006 WY 98, 139 P.3d 464 (Wyo. 2006).

[¶14]  In *Stroth*, ¶ 10, 327 P.3d at 126, the appellant, who filed her notice of claim two years and two weeks after the alleged tortious conduct, argued that the Medical Review Panel Act, Wyo. Stat. Ann. § 9-2-1518, tolled the period for filing a claim under the WGCA.  We concluded that because "the tolling period described [in the Medical Review Panel Act] applies to the filing of a 'complaint' in 'any court against a health care provider,'" it did not apply to the notice of claim under the WGCA.  *Stroth*, ¶ 12, 327 P.3d at 126 (quoting Wyo. Stat. Ann. § 9-2-1518(a)).  We explained, "if the legislature had intended for the Medical Review Panel Act to toll the period for filing notice of a governmental claim, it could have included such a provision in the WGCA."  *Id.* ¶ 13, 327 P.3d at 126.  The Court expounded, "we should not 'enlarge, stretch, expand, or extend' the language of the WGCA to include 'matters not falling within its express provisions.'" *Id.* ¶ 13, 327 P.3d at 127 (quoting *Sinclair v. City of Gillette*, 2012 WY 19, ¶ 9, 270 P.3d 644, 646 (Wyo. 2012)).

[¶15]  Most recently, in *Chapman v. Wyoming Dep't of Corrections*, we reiterated that strict compliance with the WGCA's notice provision is required.

> Chapman's state law negligence claim is against a governmental entity, and "[t]his Court has long held that a party seeking to bring an action against a governmental entity must first comply with the constitutional and statutory requirements by presenting a notice of claim to the entity." *Harmon v. Star Valley Med. Ctr.*, 2014 WY 90, ¶ 18, 331 P.3d 1174, 1178 (Wyo. 2014) citing *Brown v. City of Casper*, 2011 WY 35, ¶ 19, 248 P.3d 1136, 1141 (Wyo. 2011). . . .
>
> While failure to file a claim strictly complying with the WGCA does not deprive a district court of subject matter jurisdiction, the WGCA's requirements are substantive and **a**

6

> **plaintiff's failure to strictly comply may require dismissal of his claim**. *See Harmon*, ¶ 49, 331 P.3d at 1188.

*Chapman v. Wyoming Dep't of Corr.*, 2016 WY 5, ¶¶ 25–26, 366 P.3d 499, 511 (Wyo. 2016) (emphasis added) (footnote omitted).

[¶16] The WGCA is clear. Notice of the claim must be provided to the governmental entity within two years of the date of the alleged negligence. The legislature has not provided for substantial compliance in the WGCA. As we said in *Stroth*, we will "not 'enlarge, stretch, expand, or extend' the language of the WGCA to include 'matters not falling within its express provisions.'" *Stroth*, ¶ 13, 327 P.3d at 127 (quoting *Sinclair*, ¶ 9, 270 P.3d at 646). The WGCA's notice requirements are substantive and the failure to strictly comply may result in the dismissal of a plaintiff's claim.

## Failure to Comply with WGCA Notice Provisions Must Be Raised as an Affirmative Defense

[¶17] In *Harmon*, we determined that the failure to timely notify a governmental entity of a claim in compliance with the WGCA does not always require dismissal. *Harmon*, ¶ 46, 331 P.3d at 1187. *Harmon* held that the WGCA's claim requirements "although substantive, are not jurisdictional," and overruled those cases finding that the failure to comply with the WGCA's claims requirements deprived the district courts of subject matter jurisdiction. *Id.* ¶¶ 31, 44–49, 331 P.3d at 1182, 1187–88. *Harmon* clarified that "district courts have subject matter jurisdiction to hear and decide actions brought against governmental entities, whether or not the claim is defective. Presentation of a claim is a condition precedent to suing a governmental entity, but it is not necessary to invoke district court jurisdiction." *Id.* ¶ 46, 331 P.3d at 1187. The practical result is that, while the lack of subject matter jurisdiction "can be raised at any time, even on appeal, [the] failure to satisfy a condition precedent must be promptly raised as an affirmative defense or [it will be] waived." *Id.* ¶ 49, 331 P.3d at 1188. In other words, if the governmental entity does not raise untimely or inadequate notice as an affirmative defense, it waives the issue, and the claim may proceed despite untimely or other defective notice.

[¶18] In *Harmon*, the plaintiff had not signed her notice of claim under oath, as required by the WGCA. The defendants failed to properly plead the failure as an affirmative defense, and as a result, waived the issue. *Id.* ¶ 53, 331 P.3d at 1189.

## Application of Our Precedent to This Case

[¶19] Ms. Casey's notice of claim was presented to the Hospital on August 26, 2020, more than two years after the accrual of her claim. Unlike the *Harmon* defendants, the Hospital expressly raised the failure to comply with the WGCA's notice requirements as an affirmative defense. The district court properly granted summary judgment to the Hospital

7

based upon Ms. Casey's failure to submit a timely notice of claim under the WGCA.  We affirm.