**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 5, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CHRISTOPHER FONTE,

    Plaintiff - Appellant,

v.

MEMORIAL HOSPITAL OF LARAMIE
COUNTY, d/b/a Cheyenne Regional
Medical Center; JANE DOES AND JOHN
DOES,

    Defendants - Appellees.

No. 24-8037
(D.C. No. 1:23-CV-00140-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, **MATHESON**, and **FEDERICO**, Circuit Judges.

_____

Christopher Fonte, appearing pro se,[1] appeals the district court's dismissal of

his complaint against defendants Memorial Hospital of Laramie County (the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Fonte proceeds pro se, we construe his filings liberally, but we may not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Hospital), Jane Does, and John Does.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

### A.  Factual history

On August 5, 2021, Mr. Fonte was involved in an automobile accident and suffered injuries, including a traumatic brain injury.  He was transported to the Hospital for treatment.  There, an intake nurse advised him that, due to the Hospital's Covid-19 mask policy, he would need to wear a mask in order to be seen by emergency room staff.  Mr. Fonte told the intake nurse that was not an option because he was having trouble breathing.  The intake nurse insisted that Mr. Fonte put on a mask in order to be seen.  Mr. Fonte went outside and sat down on the ground.  Soon thereafter, a charge nurse came out and asked him if he "'had some frustrations about the mask policy?'"  R. vol. I at 6.  Mr. Fonte stated he could not breathe well, was just in an accident, and needed to be seen.  Another nurse informed Mr. Fonte he could receive treatment if he came inside with a mask on.  Mr. Fonte left the Hospital and subsequently sought treatment at other medical facilities.

On April 29, 2022, the Centers for Medicare and Medicaid Services (CMMS) allegedly issued a report finding the Hospital violated the Emergency Medical Treatment and Labor Act (EMTALA), 42 U.S.C. § 1395dd, by refusing to provide care to Mr. Fonte.

2

### B. Procedural history

On August 4, 2023, Mr. Fonte filed a pro se complaint against the Hospital and unnamed Hospital employees. His complaint alleged three causes of action: (1) a claim under the EMTALA; (2) a claim for "MEDICAL NEGLIGENCE," *id.* at 9; and (3) a claim for "NEGLIGENCE PER SE," *id.* at 10.

The Hospital moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing, in relevant part, that Mr. Fonte failed to plead compliance, and in fact failed to comply, with the notice requirements of Wyoming's Governmental Claims Act (WGCA).

Mr. Fonte alleged in opposition he had contacted two Wyoming state agencies and was told the Hospital "was a private entity." R. vol. I at 66. Mr. Fonte requested leave to amend his complaint in the event the Hospital was "a government entity." *Id.* at 69. Mr. Fonte also asked the district court to "toll the statute of limitations" to April 2022 when he learned of CMMS's finding that the Hospital violated the EMTALA. *Id.* at 76. Lastly, Mr. Fonte stated that "[i]f the court agree[d]," he would "file the notice to let the [H]ospital know it [wa]s to be sued and the detailed reasons why." *Id.*

The district court granted the Hospital's motion to dismiss the complaint. The district court concluded as an initial matter that the Hospital is a "governmental entity" within the meaning of, and subject to, WGCA. *Id.* at 137 (internal quotation marks omitted). The district court in turn concluded that, in order to pursue a claim against the Hospital, Mr. Fonte was required to comply with the notice requirements

outlined in Wyo. Stat. Ann. § 1-39-113.  The district court determined, however, that Mr. Fonte failed to comply with those notice requirements and that his claims were untimely under WGCA.  The district court explained that "[t]o the extent" Mr. Fonte "was not aware of the act, error, or omission on the date he was allegedly denied emergency medical care, he received the EMTALA violation notice less than eight months later, giving him two years, until August 5, 2023, to submit notice of his claim under the WGCA to" the Hospital.  *Id.* at 141.  Because he failed to do so, the district court concluded "his second and third causes of action, asserting 'medical negligence' and 'negligence per se' [we]re barred."  *Id.* (internal citation omitted). "Moreover," the district court noted, "leave to amend would be futile because absent waiver by" the Hospital, "the two-year window for giving notice to [the Hospital] expired the day after [Mr. Fonte] filed this lawsuit."  *Id.*  Finally, the district court concluded Mr. Fonte's EMTALA claim was also "subject to . . . WGCA notice requirements" and, because he failed to provide such notice to the Hospital, the EMTALA claim was subject to dismissal.  *Id.* at 147.  Accordingly, the district court dismissed the action with prejudice.

## II.  DISCUSSION

Mr. Fonte now appeals the district court's dismissal of his claims.  "We review a Rule 12(b)(6) dismissal de novo and apply the same standards as the district court." *Sagome, Inc. v. Cincinnati Ins. Co.*, 56 F.4th 931, 934 (10th Cir. 2023).  "To survive, a complaint must allege facts that, if true, state a claim to relief that is plausible on its

4

face." *Id.* (internal quotation marks omitted). "We view the alleged facts in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted).

WGCA, by its express language, addresses tort and contractual claims asserted against Wyoming governmental entities and public employees. With respect to tort claims in particular, WGCA provides that "[a] governmental entity and its public employees while acting within the scope of duties are granted immunity from liability for any tort except as" otherwise provided in WGCA. Wyo. Stat. Ann. § 1-39-104(a); *see State Dep't of Corr. v. Watts*, 177 P.3d 793, 797 (Wyo. 2008) ("WGCA is considered a close-ended tort claims act, which means that a claim is barred by governmental immunity unless it falls within one of the statutory exceptions."). As relevant here, "WGCA contains an exception for damages resulting from bodily injury, wrongful death, or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation of a public hospital." *Elsner v. Campbell Cnty. Hosp. Dist.*, — P.3d —, 2025 WL 984398 at *7 (Wyo. Apr. 2, 2025). To pursue such tort claims against a governmental entity and its employees, a plaintiff must comply with WGCA's claims procedure, which is outlined in Wyo. Stat. Ann. § 1-39-113. *See Casey v. Teton Cnty. Hosp. Dist.*, 517 P.3d 536, 539 (Wyo. 2022) ("Before a suit can be brought against a governmental entity" in Wyoming, "the claimant must follow the procedure outlined in . . . WGCA and the Wyoming Constitution.").

WGCA's claims procedure includes a notice-of-claim requirement that generally requires a plaintiff, before filing suit, to first present the claim to the

governmental entity "as an itemized statement in writing within two . . . years of the date of the alleged act, error or omission . . . ." Wyo. Stat. Ann. § 1-39-113(a). The claims procedure provides a detailed list of the information that must be included in the itemized statement provided to the governmental entity. *See id.* § 1-39-113(b). And when a plaintiff files "any action under" WGCA, the complaint must state the claims procedure was complied with and provide the details of that compliance. *Id.* § 1-39-113(d). WGCA's claims procedure also includes a statute of limitations that provides, in relevant part, that claims under WGCA "shall be forever barred unless commenced within one (1) year after the date the claim" is presented to the governmental entity. *Id.* § 1-39-114.

Here, the district court concluded, and Mr. Fonte does not seriously dispute, that the Hospital is a "governmental entity" within the scope of WGCA.[2] *See id.* § 1-39-103(a)(i) (defining "governmental entity" to include "any local government"), (a)(ii) (defining "[l]ocal government" to include "entities formed by a county memorial hospital, special hospital district, rural health care district or senior health care district that are wholly owned by one . . . or more governmental entities").

---

[2] Mr. Fonte seeks leave to file a supplemental brief arguing the district court erred in applying the definition of "local government" contained in the 2024 version of WGCA, rather than the 2023 version. Although we grant Mr. Fonte's request to file his supplemental brief, we reject the arguments made in that brief. Specifically, the expanded definition of "local government" contained in the 2024 version of WGCA has no impact on this case because the Hospital, as an "instrumentality" or "institution" of a "political subdivision[] of the state," constituted a "local government" under both the 2024 and pre-2024 versions of Wyo. Stat. Ann. § 1-39-103(a)(ii).

The district court in turn concluded that all three of Mr. Fonte's claims were subject to WGCA's notice-of-claim requirement. There is no question Mr. Fonte's two negligence claims, which are based on Wyoming state tort law, fall within the scope of WGCA. We therefore agree with the district court's conclusion as to those two claims.

As for Mr. Fonte's EMTALA claim, we must decide whether Congress, in enacting EMTALA, intended to incorporate or preempt WGCA's notice-of-claim requirement. EMTALA "applies to all hospitals that participate in the federal Medicare program" and "imposes two primary obligations on those hospitals": (1) to "'provide for an appropriate medical screening examination'" when an individual appears for treatment at a hospital's emergency room; and (2) "if the screening examination indicates that an emergency medical condition" exists, to "'stabilize the medical condition' before transferring or discharging the patient." *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 792 (2d Cir. 1999) (quoting 42 U.S.C. § 1395dd(a) and (b)(1)(A)). EMTALA thus "fill[s] a lacuna in traditional state tort law by imposing on hospitals a legal duty (that the common law did not recognize) to provide emergency care to all."[3] *Id.* at 792–93. Importantly, "[t]he

---

[3] Not surprisingly, some circuits have likened EMTALA claims, which require "personal harm" and expressly incorporate the "damages available for personal injury under the law of the State in which the hospital is located," 42 U.S.C. § 1395dd(d)(2)(A), to state tort claims. *E.g.*, *Romine v. St. Joseph Health Sys.*, 541 F. App'x 614, 618 (6th Cir. 2013) (characterizing EMTALA as "essentially a tort action"); *Harry v. Marchant*, 291 F.3d 767, 774 (11th Cir. 2002) (concluding EMTALA was enacted by Congress to fill "two narrowly defined contexts" that are not addressed by "available state malpractice and tort remedies"); *Bryant v. Adventist*

legislative history of EMTALA" indicates Congress intended "to supplement, but not supplant, state tort law." *Id.* at 793. That much is "evident in EMTALA's limited preemption provision," *id.*, which states: "[t]he provisions of this section do not preempt any State or local law requirement, except to the extent that the requirement directly conflicts with a requirement of this section," 42 U.S.C. § 1395dd(f). *See Texas v. Becerra*, 89 F.4th 529, 543 (5th Cir. 2024) ("Section 1395dd(f) is an ordinary conflicts-preemption provision.").

The Wyoming Supreme Court has held that WGCA's notice-of-claim requirement "is a condition precedent to suing a governmental entity," but "is not jurisdictional." *Harmon v. Star Valley Med. Ctr.*, 331 P.3d 1174, 1188 (Wyo. 2014). In our view, this type of condition precedent to suing a governmental entity does not directly conflict with any requirement of EMTALA. *See Hines v. Davidowitz*, 312 U.S. 52, 67 (1941) (holding that state law conflicts with federal law if it "stands as an obstacle" to the "execution of the full purposes and objectives of Congress"); *Fla. Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142–43 (1963) (holding that a state statute directly conflicts with federal law when compliance with both is a "physical impossibility"); *Hardy*, 164 F.3d at 795 (holding that New York's notice-of-claim requirement did not directly conflict with any requirement of EMTALA);

---

*Health Sys./West*, 289 F.3d 1162, 1168-69 (9th Cir. 2002) (concluding Congress enacted EMTALA "to create a new cause of action, generally unavailable under state tort law, for what amounts to failure to treat and not to duplicate preexisting legal protections" (internal quotation marks omitted)). We agree with that characterization.

8

*Draper v. Chiapuzio*, 9 F.3d 1391, 1394 (9th Cir. 1993) (holding that Oregon's notice-of-claim requirement did not directly conflict with any of EMTALA's requirements). As a result, we conclude EMTALA can reasonably be interpreted as incorporating WGCA's notice-of-claim requirement as a limit on the "damages available for personal injury under the law of the State in which the hospital is located."[4]  42 U.S.C. § 1395dd(d)(2)(A); *see Hardy*, 164 F.3d at 794 ("We conclude that New York's notice-of-claim requirement is part of the applicable 'law of the State' that we are to apply under § 1395(d)(2)(A).").

Having concluded all three of Mr. Fonte's claims are subject to WGCA's notice-of-claim requirement, we in turn agree with the district court that Mr. Fonte failed to comply with that requirement. More specifically, it is undisputed Mr. Fonte failed to notify the Hospital of his claims (and likewise failed to allege in his complaint that he complied with the notice-of-claim requirement). That is fatal to his claims. *See Duran v. Bd. of Cnty. Comm'rs of Sweetwater Cnty.*, 787 P.2d 971, 972 (Wyo. 1990) ("Wyoming precedent is unequivocal in holding that failure to file a claim with the governmental entity within the two-year period provided in [WGCA] is an absolute bar to suit.").

---

[4] We emphasize we are not holding that EMTALA can reasonably be interpreted as incorporating all of WGCA's claims procedure. We note, in particular, that WGCA's statute of limitations differs from, and appears to directly conflict with, EMTALA's statute of limitations. *See* 42 U.S.C. § 1395dd(d)(2)(C) ("No action may be brought under this paragraph more than two years after the date of the violation with respect to which the action is brought."); Wyo. Stat. Ann. § 1-39-114 (holding that actions brought under WGCA "shall be forever barred unless commenced within one (1) year after the date the claim" is served on the governmental entity).

To be sure, Mr. Fonte offers a number of reasons why we should overlook his failure to comply with WGCA's notice-of-claim requirement. These include: "the impact of [his] disability," Aplt. Br. at 1, i.e., the traumatic brain injury he suffered in the accident; the fact he received "misleading information from state agencies" regarding the Hospital's status; the Hospital's "prior knowledge of [its] EMTALA violations as cited through [CMMS's] investigation," *id.* at 7; and unidentified misrepresentations, perjury, malice, and fraudulent actions on the part of the Hospital. Nothing in WGCA, however, allows us to dispense with, or equitably toll, the notice-of-claim requirement. Nor does WGCA allow for a governmental entity's purported knowledge of its own wrongdoing to satisfy the notice-of-claim requirement.

Finally, Mr. Fonte argues the district court erred in dismissing his claims against the unidentified Hospital employees he listed as defendants ("Jane Does" and "John Does") in his complaint. We disagree. WGCA, as relevant here, applies to all tort claims asserted against "[a] governmental entity *and its public employees* while acting within the scope of duties . . . ." Wyo. Stat. Ann. § 1-39-104(a); *see Williams v. Lundvall*, 545 P.3d 431, 434 (Wyo. 2024) (holding that claims asserted against mayor and other city officials for actions taken while acting in their official capacities fell within scope of WGCA). As a result, Mr. Fonte's failure to comply with WGCA's notice-of-claim requirement is fatal not only to his claims against the Hospital, but also to his claims against the Hospital's employees.

### III.  CONCLUSION

Mr. Fonte's motion to file a supplemental brief is granted.  The judgment of the district court is affirmed.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge